## J. B. A. DORVILLE *v.* JOSEPH AMAT.

Where a person rents a house with a partition wall on one side of it, and the adjoining proprietor finds it necessary to demolish this wall, in order to erect a more substantial one, to suit the character of the building he is about erecting; this does not authorize a suit on the part of the tenant against his landlord, for a dissolution of the lease. He can only claim a reduction of the rent, proportioned to the inconvenience he has suffered.

APPEAL from the Fifth District Court of New Orleans. *Buchanan, J. Lewis* and *Bermudez*, for plaintiff. *Redmond*, for defendant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff, as agent of *Saint Geme*, leased to the defendant a house in New Orleans for one year, commencing from 1st September, 1849. The defendant continued to occupy it until about the middle of November, 1849, when he abandoned the premises. He paid the rent only for the month of September. This suit is brought to recover the rent for the months of October and November, 1849, and to have the lease annulled. *Amat* defended the suit, upon the ground that the lessor's obligation had been violated by the pulling down of one of the walls of the house, and he claimed a large sum in damages.

One of the walls of the house was a party-wall. The proprietor of the adjoining house, being desirous to erect other buildings, demolished the party-wall, erecting, however, a temporary wooden partition, shoring up the wall of the plaintiff's house, and making such other temporary arrangements as are usual in such cases ; so that it was possible and safe for the defendant to remain in the house while the new wall was in process of erection, although in doing so, he would have been subjected to some inconvenience. The demolition of the wall commenced on the 6th November, and the defendant abandoned the premises on the 16th November. It is proved, that it is quite a common occurrence, that the inhabitants of a house continue to occupy it, while a party-wall is in process of demolition and erection.

This wall being the separating wall of adjoining houses in a city, was not only a party-wall in fact, as proved at the trial, but was a common wall, by presumption of law, under the art. 673 of the Civil Code. Its position and character being apparent, the lessee may be considered as having notice of it at the execution of the lease, and therefore having notice of the legal rights of the adjoining proprietor. One of these rights was, to demolish and rebuild the wall anew, if necessary in the erection of a new building, whose weight it would be insufficient to support. C. C. 677, 678. When the adjoining proprietor chose to exercise this right, its demolition was not an active violation, by the lessor, of his

contract as landlord ; nor did it authorize the lessee to abandon the premises, and claim damages ; for the house was still susceptible of occupancy, and the inconvenience was temporary. The extent of relief to which the lessee was entitled, was a reasonable reduction of the rent during the continuance of the inconvenience. We consider the relation of landlord and tenant towards each other, in a case of this kind, as analogous to that which they occupy where repairs are required. See C. C. 2670. Inasmuch as the premises were in such a condition during a portion of the month of November, as to produce inconvenience to the tenant, we think some abatement should have been made on that score.

It is therefore decreed, that the amount of rent allowed by the district court be reduced from the sum of $160 to the sum of $110, and that in other respects the judgment be affirmed ; the costs of appeal to be paid by the plaintiff and appellee.