### ANDREW J. DYKE *v.* D. H. DYER et als.

14 701
f123 564

Article 2417 of the Civil Code, which provides that a sale of immovables or slaves by act under private signature, has effect against creditors only from the day of its registry, *and* the actual delivery of the thing sold, controls Article 2242, which declares such sales to be valid from the date of their registry *or* from the time of the actual delivery of the thing sold.

Property cannot be seized by a judgment creditor of the vendor, when the private act has been recorded previous to the issuance of execution.

If the property remains in the hands of the vendor, the legal consequence resulting therefrom would be a presumption of simulation, which it is incumbent on the vendee to rebut.

The plaintiff in an injunction suit cannot claim from the defendant the amount of fees paid his counsel.

APPEAL from the District Court of the Parish of Claiborne, *Eagan*, J.

*Vaughan & Thomasson*, for plaintiff. *J. Young*, for defendants and appellants.

VOORHIES, J. The appellee moves the dismissal of this appeal on the grounds, 1st, That the amount in controversy does not give jurisdiction to this court ; and 2dly, That the appellants have not signed the appeal bond.

The record shows that the amount in controversy exceeds the sum of three hundred dollars, and that the appeal bond is signed by the surety. The motion to dismiss must, therefore, be discharged. 11th An. 113, *Williams* v. *Hood*, and cases there quoted.

This is an injunction suit. The plaintiff, a third person, enjoined the seizure and sale of certain property levied upon by the Sheriff, by virtue of an execution

DYKE
v.
DYER.

issued on a judgment in the case of *W. H. Nations* v. *S. Butler* and *E. P. Jones, Ad'r.* The plaintiff had purchased from the seized debtor the property in question, by a private deed, which he caused to be recorded prior to execution. There is no doubt of the reality of this sale, as shown by abundant evidence in the record; but it is contended by the appellants, that their rights accrued before the recordation of the private deed of sale, the vendor being yet in possession of the property sold.

The Civil Code provides :

" Art. 2417. The sale of any immovable, or slaves, made under private signature, shall have effect against the creditors of the parties, and against third persons in general, only from the day such sale was registered in the office of a notary *and* the actual delivery of the things sold took place. But this defect of registering shall not be pleaded between the parties who shall have contracted in such act, their heirs or assigns, who are as effectually bound by a sale made under private signature, as if it were by an authentic act."

There is a conflict between this Article and the 2242d Article, the latter of which gives effect to sales or exchanges of real property and slaves, by instruments made under private signature, against *bona fide* purchasers and creditors, only from the date of registry in the office of a notary, *or* from the time of actual delivery. We have, however, already decided that, in this respect, the 2242d Article must yield to the 2417th Article. *Lindeman et als.* v. *Theobalds et als.,* 2 An. 912; *Stephens* v. *Wellington,* 1 An. 72 ; *Thompson* v. *Mylne,* 11 R. 349.

Such being the law on this point, the sincerity of the sale from *Nations* to the plaintiff could not protect the latter against the execution of the judgment against the former, had the property been levied upon, or the judgment recorded, prior to the recordation of the private act of sale in the Recorder's Office. From that moment, the private deed became an authentic instrument, and gave notice to creditors and third persons; and, if the property continued to remain in the possession of the vendor, in compliance with peculiar arrangements between the parties, the only legal consequence resulting therefrom, would be a presumption of simulation, which it were incumbent on the vendee to rebut. C. C. 2456, 1915 ; *Lindeman et als.* v. *Theobalds et als.,* 2 An. 913.

But, as we have stated in the outset, the plaintiff has proven the sincerity and good faith of this purchase. The appellants not having, in the mean time, acquired any rights over the property in question, either by having their judgment recorded, so as to acquire a judicial mortgage, or by levying upon the property in time, the verdict of the jury, relieving the plaintiff in this respect, should not be disturbed.

The judgment must, however, be amended as regards the allowance of counsel fees. Besides the absence of proof that they have been paid, it is proper to state that there is no law authorizing the plaintiff in injunction to recover from the defendant the amount paid for counsel fees. Vide the case of *Bienvenu* v. *Deblanc, Sh'ff,* in the list of unreported cases, in 12th An., from the Opelousas District.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be amended, by striking out the item of fifty dollars, allowed to the plaintiffs by the verdict; and that the judgment so amended be affirmed, with costs, the appellee paying the costs of appeal.