JEAN JACQUES NEVEU *v.* H. F. VOORHIES, Sheriff, et al.

Counsel fees will not be allowed as special damages where an injunction is maintained against a seizure of property, and the case is not a proper one for the allowance of vindictive damages.

APPEAL from the District Court of the Parish of Lafayette, *Martel*, J. *C. H. & E. Mouton*, for plaintiff and appellee. *M. E. Girard* and *A. De-Blanc*, for defendants and appellants.

BUCHANAN, J. The Sheriff of the Parish of Lafayette seized and advertised for sale, under executions in several suits against *Neveu & Guidry*, " all the right, title and interest of *C. Neveu* in the store at the corner of Main and Lafayette streets, carried on under the name of *J. J. Neveu*."

*Jean Jacques Neveu* has enjoined the sale, and claims by his petition one thousand dollars damages from the Sheriff and the seizing creditors, for the seizure. He avers that his son, *Christophe Neveu*, on the 13th of April, 1858, instituted suit against him, alleging himself to be part owner of the property in question, and a partner with petitioner in the goods, merchandise, notes and accounts belonging to the store mentioned in the notice of seizure ; and claiming an undivided half of said property ; that on the same day of the institution of that suit,

the petitioner was served with the notice of seizure as above. Petitioner avers that he is sole owner of the aforesaid store, and of all the goods, merchandise, notes and accounts appertaining thereto, and that the said *Christophe Neveu* has no right, title, nor interest in said property. He alleges as a reason for bringing this suit, that his silence, after having received the notice of seizure, might be construed as a tacit admission on his part, that *Christophe Neveu* has an interest in the aforesaid property.

The answer of the defendants pleads that *Christophe Neveu,* their debtor, as being a partner in the late firm of *Neveu & Guidry,* is really and truly interested as half owner and partner in the store mentioned in the petition, and in the merchandise and business contained and carried on in said store. That the said property has been put and held in the sole name of plaintiff, *Jean Jacques Neveu,* for the purpose of defrauding the creditors of his son and partner, *Christophe.* Wherefore they pray for the dissolution of the injunction herein, with damages.

The evidence shows that the house and lot in which the store is contained were adjudicated at Sheriff's sale in August, 1854, to *Jean Jacques Neveu,* who gave his twelve months bond for the price, which was paid by him at maturity. It is also shown that in 1853, the plaintiff, who previously had a separate store in the village, (Vermillionville,) moved his stock of goods into this store, then occupied by *Neveu & Guidry,* who about the same time retired from business, and the business has been carried on in the sole name of plaintiff ever since. Many witnesses have been examined on both sides, as to the sayings and doings of the parties; and various bills of exception have been reserved by plaintiff and defendants to the admission and rejection of testimony as to particular facts; which bills we do not deem it necessary to pass upon. It appears that *Christophe Neveu* has been, with some intermissions, actively employed in the store; and that he has declared, out of the presence of his father, the plaintiff, that he had an interest in the store. But it is not proved that the plaintiff has ever, either directly or by implication, admitted the existence of such an interest. It is moreover shown, that plaintiff exercised the control of a master and owner in the establishment, to the point of even turning *Christophe* out of the store on one or more occasions.

The defendants seem to have been afforded every facility of establishing a partnership between the plaintiff and his son, and of establishing an interest on the part of the latter in the immovable and movable estate comprised in the notice of seizure; and they have failed to do so. The burden of proof was upon them; for the presumption arising from possession was on the side of plaintiff. And as to the house and lot, it must be observed, that there is something more than a mere failure of proof on the part of defendants; for there is direct proof, on the part of plaintiff, of the purchase in his name at Sheriff's sale, and of his payment of the price. The bid was made, it is true, by the son; but the circumstances establish, with sufficient distinctness, that he acted in the matter as agent of his father.

Upon this state of facts, we conclude that the injunction was properly maintained. But we disagree in the allowance of three hundred dollars, as damages against the defendants, being for counsel fees. Under the Acts of 1831 and 1833 the practice is well established to allow attorneys fees as special damages, in case of dissolution of injunction. But no precedent has been brought to our notice, of such an allowance, in case of the injunction being perpetuated. It may be, that cases could be found, where attorneys fees have been an element of damages for wrongful seizures of property of a party for the debt of another party. But this

NEVEU
*v.*
VOORHIES

is not a case of that kind. The plaintiff's store has not been seized, but merely the right, title and interest of another person in that store ; and if that seizure had proceeded to a sale, the purchaser would have acquired nothing more than a right of action against plaintiff, to establish the extent of such right, title and interest. And this is not a case for the allowance of vindictive damages ; for the defendants' proceedings in the premises, which gave rise to this action, are clearly not malicious, and were based upon probable cause.

It is, therefore, adjudged and decreed, that the judgment of the District Court, so far as it has perpetuated the injunction herein issued, be affirmed ; that so far as it allows damages to plaintiff, it be reversed ; and the claim of plaintiff for damages is rejected. It is decreed, lastly, that defendants pay costs of the court below ; and that plaintiff and appellee pay costs of appeal.

VOORHIES, J., recused himself in this case, on account of relationship to one of the parties.