(38 South. 94.)

No. 15,397.

FITZNER v. NOULLET.

(Nov. 21, 1904. On the Merits, Feb. 13, 1905.)

PARTNERSHIP—DISSOLUTION—APPOINTMENT OF LIQUIDATORS—FINAL JUDGMENT—MATERIALMEN—CANCELLATION OF LIENS.

On Motions to Dismiss.

1. Where the members of an ordinary partnership agree upon liquidators, and authorize them to take charge of the partnership assets and wind up its business, whether such authorization obtains judicial sanction or not, the liquidators stand in the shoes of their principals for the purposes mentioned, and are interested in reducing to possession the assets of which they are authorized to take charge, and in clearing away the obstructions to their satisfactory distribution.

2. Where such liquidators proceed by rule, requiring creditors to show cause why inscriptions purporting to operate as privileges and mortgages should not be canceled, a judgment dismissing such rule, as disclosing no cause of action, is rather final, than interlocutory, and may be appealed from.

On the Merits.

3. The receivers of the firm of which plaintiff and defendant are partners sought to have the liens and privileges of the subcontractors and materialmen canceled, and to have their claims referred to the proceeds of the property on which their lien and privilege rested.

4. No question of insolvency was raised. They could not have a concurso called, nor did they apply for a concurso to distribute funds.

5. The subcontractor and materialmen are the creditors of the owner of the property of the building, as well as of the contractor employed in constructing it.

6. The contractor is without right to have claims erased and canceled that rest on the property of the owner.

7. The receivers represent their principals, and have no greater right than they have.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by Gustave Fitzner against Frank A. Noullet. Messrs. Bruenn and Cahn were appointed liquidators, and obtained a rule on creditors to show cause why certain inscriptions referred to should not be canceled. From an order discharging the rule, the liquidators appeal. Affirmed.

William Stirling Parkerson and Edward Alexander Parsons, for appellants. Buck, Walshe & Buck, for appellee Noyes. W. Alexander Bahns, for appellees Bond and Hamlin.

On Motions to Dismiss.

MONROE, J. It appears from the record that G. Fitzner and F. A. Noullet formed a

partnership to carry on business as contractors and builders, and, assuming the allegations of the petition to be true, that they did some work for which the city of New Orleans owes them, say, $30,000. They were, however, sued by a number of creditors—contractees, subcontractors, furnishers of materials, etc.—who undertook to secure themselves by inscribing what are said to be liens intended to operate upon a building constructed for, and the fund due by, the city. Such being the situation, the partners disagreed, and Fitzner brought suit for the appointment of a liquidator, with the result that, by consent of both parties, Messrs. Bruenn and Cahn, members of the bar, were appointed the liquidators and receivers of the partnership, and were authorized to take charge of its assets and manage and wind up its business. They thereupon caused an inventory to be made, and took a rule on the creditors requiring them to show cause why the inscriptions referred to should not be canceled, and the claims which they purport to represent referred to the assets of the firm to be hereafter realized, and taken possession of by the liquidators. To this rule some of the creditors excepted on the ground that the rule discloses no cause of action, and that in any event the proceeding by rule is unauthorized. Others of the creditors set up more elaborate defenses, but the exception of no cause of action was sustained; and, the rule having been dismissed, and the plaintiffs therein having appealed, several of the appellees now move to dismiss the appeal on the grounds that the appellants have no appealable interest, and that the judgment appealed from is interlocutory and cannot work an irreparable injury.

The appellants have been authorized by Messrs. Fitzner and Noullet to take charge of the assets and liquidate the affairs of the partnership lately existing between them; and, whether such authorization has received judicial sanction or not, they (appellants)

stand in the shoes of their principals, for those purposes, and have an interest in reducing to possession the assets of which they are authorized to take charge, and in clearing away the obstacles to their satisfactory distribution. Whether it would be competent for Fitzner and Noullet to proceed by rule, as appellants have done, or whether it is competent for appellants to proceed in that way, can best be determined by hearing them, and not by dismissing this appeal. It may be that such a proceeding will not lie, but, if the contrary be the case, the denial of the right so to proceed, we think, judging from the allegations of the petition, would be rather in the nature of a final than of an interlocutory judgment.

The motions to dismiss are therefore denied.

### On the Merits.

BREAUX, C. J. The purpose of the rule on the part of the receivers of the firm of Noullet & Co., taken contradictorily with a number of creditors of the firm, was to obtain a decree to compel the recorder of mortgages for the parish of Orleans to cancel the liens and privileges recorded against said firm from the books of his office, and to refer the creditors whose claims are thus recorded to the proceeds for payment.

The refusal of the lower court to grant this rule, and order the liens and privileges of different creditors who opposed the rule to be canceled, brings up the question at issue for our decision.

The firm of Noullet & Co. became the creditors of the city of New Orleans under a building contract under which the building known as the "Home of Detention" was constructed by it as contractor with the said city. The different creditors have not been paid. Differences have arisen between the partners. The partnership of Noullet & Co. has, since the said building was completed, been dissolved by a judgment of the court.

The balance of the contract price of the building owned by the city is represented by her certificates, aggregating the sum total of $29,349.43, which the city is quite willing to hand over and pay to whomsoever is entitled to it.

Part of the history of the case is given in the decision of this court heretofore rendered refusing to dismiss the appeal on appellants' motion.

The court, in the case just cited, decided that the receivers had a standing in court to present any right which their principals, Noullet & Co., and now the members of said firm, *might have had*. (Italics ours.) The foregoing is a sufficient *state of facts* for the decision.

Taking up the issues from the point of view heretofore decided, we are constrained to hold that, if the parties (that is, the receivers) are held to whatever rights Noullet & Co. had, then that plaintiffs in rule have very thin and attenuated grounds upon which to stand. We have not been successful at finding that the receivers have any greater rights than their principals; that is, of Noullet and Fitzner.

The creditors are subcontractors and men who furnished materials, who have the privilege accorded by statute. They are creditors of the firm. By observing the requirement of law and recording their claims, they have become the creditors of the city of New Orleans as well. They are the statutory creditors of the city, against which their claims are to stand until they are paid. The members of the firm are without authority, in the absence of insolvency or other good legal cause, to have these claims canceled, and force the creditors to look to the proceeds of uncollected certificates, which we presume are good for the amount. If they have been converted to cash, there is no necessity of the court's action to cancel liens and privileges, for, upon presentation of claims recognized as legal by the parties con-

cerned, through the action of the court, if needful, all that the debtors have to do is to comply with the obligation stipulated: pay up, get receipt, and cancel lien and privileges after payment. We can think of no good ground upon which a solvent firm can compel creditors to look to the proceeds in a case similar to the one before us for decision. From the necessity of the case, creditors in insolvency proceedings or in proceedings in concurso are bound to follow proceeds, to collect their mortgages, liens, and privileges. This situation does not here arise, the firm in question not being insolvent.

Going a step further, and considering the issues as presented by the receivers, who, unquestionably, in certain respects, do represent the said firm, we are constrained, from our point of view, to decline to recognize a right in them, in the present state of affairs, to have the liens and privileges canceled and erased. We view the issues strictly as a question of law. We are well aware that these receivers will properly and satisfactorily administer anything which falls to them to administer. That is not the question.

We do not conceive it possible for debtors, not insolvent, because of any acts or differences of their own, to bring on a situation which would enable them, through receivers, to free property from a creditor's lien and privilege, and refer these creditors to the proceeds represented by certificates of the city.

The amount to pay the claims may be in the possession of the owner, the city. Whether it is or not, we cannot imagine that the contractor can say to the subcontractor under his contract, and to the man who furnished material: "Cancel your lien and privilege, and take your chances of collecting from the owner of the property upon which these liens and privileges rest."

These claims (when reduced, if need be,

to the amount due) are indebtedness of the city as well as of the contractor. The creditors, under the statute, hold the city; and, while the contractor may insist that no amount over the sum actually due be paid, he is powerless, in law, to require any release of any kind from the creditor prior to payment. These creditors are not in a position to require a concurso, or compel creditors to look to the proceeds after having canceled their claims. They (Noullet & Co.) are not holding a sum, and calling upon the creditors to establish among themselves the proportion to which they are entitled. They cannot touch the funds in the hands of the city, to the prejudice of the creditors in question, who hold a prior right, which cannot be affected by any action of the contractor.

We take it that a concurso is not thought of. It is only referred to as an illustration of the limit beyond which the debtor cannot go. The situation here presents no such condition as requires the debtor, prior to payment, to cancel his lien or privilege. On the contrary, under special statute, these creditors are subrogated to the rights of their debtor, the contractor, and stand in the way of his recovering anything from the owner of the building before they are paid. The contractor is absolutely without right of action to obtain the cancellation for which he asks.

The articles of the Code single out these liens and privileges for payment by the owner. It imposes upon him the burden of seeing that they are paid.

The owner may, under given circumstances, have a concurso convened to distribute funds in his hands; the contractor to distribute the funds in the hands of the owner. His part in the proceeds is to let these creditors be paid, and then he may become master of the situation.

What right has the contractor to have liens canceled on the property of another as long as this other owes the amount of the lien to his subcontractor or materialman? This view is particularly binding upon the court in presence of the various statutes relating to "contracts for buildings and the security of workmen and furnishers of materials." Wolf's Rev. St. "Privileges," p. 1336.

They have the first privilege on the building, which cannot be charged on rule of solvent contractors who move to have it canceled.

The exception was well taken. It only remains for us to affirm the judgment.

It is affirmed.