(43 South. 977.)

No. 16,411.

REILY v. JOHNSTON, Sheriff, et al.

(May 13, 1907.)

1. COURTS—SUPREME COURT—JURISDICTION.
The Supreme Court has appellate jurisdiction of all suits "involving homestead exemptions." Const. art. 85.

2. APPEAL—AMENDMENT OF JUDGMENT—ANSWER BY APPELLEE.
An appellee cannot obtain the reversal or amendment of the judgment, unless his answer be filed "three days before that fixed for the argument." Code Prac. art. 890.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3073.]

3. HOMESTEAD—SALE UNDER PROCESS.
When the homestead exceeds $2,000 in value, it may be seized and sold under legal process; the beneficiary being entitled to that amount in case a sale realizes more than the sum. Const. art. 244.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Homestead, § 96.]

(Syllabus by the Court.)

Appeal from Sixth Judicial District Court, Parish of Ouachita; Luther Egbert Hall, Judge.

Action by T. G. Reily against D. A. Johnston, sheriff, and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Andrew Augustus Gunby, for appellant. Percy Sandel, for appellees.

LAND, J. Plaintiff enjoined the seizure and sale of his residence in the city of Monroe under a recorded judgment for $132.22, with interest and costs, in favor of the Sugar Bros. Company, Limited, on the ground of homestead exemption.

The judge a quo rendered judgment dissolving the injunction with damages, and ordering the sheriff to proceed with the sale, reserving to the plaintiff the right to demand in a proper proceeding the sum of $2,000 out of the proceeds of the sale of the property.

Plaintiff appealed, and the appellee has filed a motion to dismiss, and also an answer praying that the judgment be amended by increasing the allowance for damages.

The motion to dismiss is without merit, as this court has appellate jurisdiction of all suits "involving homestead exemptions." Const. 1898, art. 85.

The answer to the appeal was not filed "three days before that fixed for the argument," and therefore cannot be considered. Code Prac. art. 890.

The plaintiff and appellant has no good reason to complain of the judgment. He testified that he would not take less than $4,000 for his homestead. Where the homestead exceeds $2,000 in value, it may be sold under legal process; the beneficiary being entitled to that amount in case the sale realizes more than that sum. Const. 1898, art. 244. There is no warrant for deducting the amount of a vendor's lien in fixing the value of the homestead.

Judgment affirmed.