(49 South. 173.)

No. 17,270.

UNION SAWMILL CO. v. ARKANSAS SOUTHEASTERN R. CO. et al.

(April 12, 1909.)

1. APPEAL AND ERROR (§ 749*)—ANSWER TO APPEAL — AMENDMENT OF JUDGMENT—TIME FOR FILING.

An answer to an appeal, praying for an amendment of the judgment appealed from, cannot be considered in this court if filed upon the day upon which the cause is set down for argument; it should be filed three days before.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 749.*]

2. CONTRACTS (§ 10*) — NATURE AND ESSENTIALS—MUTUALITY.

Instruments representing merely inchoate contracts, which do not bind both parties, bind neither, and do not pass title to real estate.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

3. INJUNCTION (§ 200*) — RIGHT TO ATTORNEY'S FEES.

It may be proper, under some circumstances, to allow attorney's fees, by way of damages, for the suing out and maintaining of injunctions, but the court declines to establish the precedent in the present case.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 420; Dec. Dig. § 200.*]

(Syllabus by the Court.)

Appeal from Fourth Judicial District Court, Parish of Union; Robert Brooks Dawkins, Judge.

Action by the Union Sawmill Company against the Arkansas Southeastern Railroad Company and others. Judgment for plaintiff, and defendants appeal. Modified and affirmed.

William Hall Trigg, Minor Lee Moore, and James Walter Elder, for appellants. Lamkin, Millsaps & Dawkins, for appellee.

## Statement of the Case.

MONROE, J. In its origianl petition, plaintiff alleges that it is the owner in possession of the standing timber on certain described tracts of land lying in township 22 north, range 1 east, Union parish, with the right to the use and possession of the land for the purposes of the removal of such timber, and that the Arkansas Southeastern Railroad Company has placed on record what purport in some instances to be acts of sale from various parties pretending to convey a portion of said timber to the Summit Lumber Company, and to grant a perpetual right of way over certain of said lands for the use of said two companies, the railroad company being part and parcel of the lumber company; that said railroad company has in other instances, and with respect to other of said lands, pretended to have bought the right of way for the purposes of its logging road, and has placed its pretended deeds of record, and this, though both of said companies were previously notified of petitioner's title, evidenced by recorded deeds; that, under color of said pretended acts of sale, said companies have cut, removed, and manufactured more than 250,000 feet of merchantable timber from said lands, and more particularly from the S. E. ¼ of N. E. ¼ of Sec. 23, and the S. W. ¼ of N. W. ¼ and N. W. ¼ of S. W. ¼ of

Sec. 24, and that they will continue their depredations, unless restrained by injunction. It further alleges that the timber so cut and removed was worth $10 per 1,000 feet, and that there remain on said lands 1,000,000 feet or more, worth, cut into logs, $100,000. Wherefore, petitioner prays for an injunction, and for judgment for $2,500 as the value of the timber cut, for $1,500 as punitory damages, and for $200 as attorney's fees. A preliminary injunction was issued as prayed for, and, some 12 days later, plaintiff filed a supplemental petition in which it alleges, in substance, that, since the filing of the original petition, defendants have cut and felled about 200,000 feet of timber on certain of the lands described in the original petition, and have recorded pretended acts of sale of timber and of right of way, and have located right of way, and will proceed (unless restrained by injunction) to cut on other lands (which are described) timber which belongs to petitioner, together with the use of said lands, in township 22 N., range 1 W., and township 23 N., range 1 E.

Wherefore, petitioner prayed for an additional injunction and further damages, and the injunction was issued accordingly. Thereafter, on motion of defendants' counsel, the district court made an order, as follows, to wit:

"The premises and the annexed affidavit considered, and upon respondents, the Arkansas Southeastern R. Company and the Summit Lumber Co., giving bond, * * * in the sum of $2,000, let the injunction, hitherto granted, be dissolved, in so far as the said injunctions restrain the respondents from constructing embankments and laying cross-ties and steel rails upon the land on which the right of way for the main line of said company's road has already been cleared; said injunctions to remain in full force and effect in other respects."

Plaintiff applied for a suspensive appeal from the order so made, which was denied, as was also an application to this court for a writ of mandamus to compel the granting of such appeal. Union Sawmill Company v. Arkansas Southeastern R. Co. et al., 119 La. 970, 44 South. 803.

In their motion to bond the injunctions, defendants allege, in general terms, that they hold valid titles to all the lands described in plaintiff's petitions, and in their (amended) answer they describe the particular tracts with respect to which they set up timber or right of way grants, and pray that their titles be recognized and enforced.

After hearing the parties on the merits, the judge a quo gave judgment for plaintiff, decreeing it to be the owner of the timber on the W. ½ of N. E. ¼, S. E. ¼ of S. E. ¼, N. W. ¼ of N. W. ¼, and S. ½ of N. W. ¼ of Sec. 14; N. ½ of N. E. ¼ and S. W. ¼ of N. E. ¼ of Sec. 22; S. E. ¼ of N. E. ¼ of Sec. 23; S. W. ¼ of N. W. ¼ and N. W. ¼ of S. W. ¼ of Sec. 24; E. ½ of N. E. ¼ of Sec. 26; S. ½ of N. W. ¼, and S. W. ¼ and W. ½ of N. W. ¼ of S. E. ¼, of Sec. 25; E. ½ of N. W. ¼ and S. ½ of N. E. ¼ of Sec. 36—all in township 22 N., range 1 E.; and of the timber on the W. ½ of Sec. 14; S. ½ of S. E. ¼, N. W. ¼ of S. E. ¼, N. E. ¼ of S. W. ¼, S. E. ¼ of S. W. ¼, and S. W. ¼ of S. W. ¼ of Sec. 15; N. W. ¼ of S. W. ¼ of Sec. 17; N. ½ of N. ½ and S. ½ of N. E. ¼, of Sec. 20; S. ½ of N. E. ¼ of Sec. 21—all in township 22 N., range 1 W.

The judgment further perpetuates the injunction issued against defendants as to the timber on the lands thus described, prohibiting them "from, in any way or manner, interfering with, or trespassing upon, the timber belonging to plaintiff on said property"; and it further condemns defendants, in solido, in the sum of $250, "as the value of the timber cut from the above-described lands, and in the further sum of $100, attorney's fees, with legal interest, at 5 % per annum from judicial demand until

paid," the costs, of course, following the judgment. From the reasons assigned by the learned judge, it appears that the award of damages was predicated upon the finding that defendants had cut timber on tracts in township 22 N., range 1 E., as follows:

| | | | | |
|---|---|---|---|---|
| S. E. ¼ N. W. ¼, | Sec. 14 | 9,000 feet |
| S. W. ¼ N. W. ¼, | " 14 | 34,000 " |
| N. W. ¼ N. W. ¼, | " 14 | 1,000 " |
| N. W. ¼ N. E. ¼, | " 15 | 7,000 " |
| S. E. ¼ N. E. ¼, | " 23 | 2,000 " |
| S. W. ¼ N. W. ¼, | " 24 | 13,000 " |
| S. ½ N. W. ¼, | " 25 | 6,000 " |
| S. W. ¼ S. W. ¼, | " 25 | 6,000 " |
| S. E. ¼ S. W. ¼, | " 25 | 11,000 " |
| S. ½ N. E. ¼, | " 26 | 5,000 " |
| E. ½ N. W. ¼, | " 26 | 16,000 " |
| S. ½ N. E. ¼, | " 36 | 15,000 " |

Total ....................125,000 "

For which plaintiff was allowed, as the value at the stump, $2 per 1,000 feet, or $250. Defendants appealed, and lodged the transcript in this court on August 20, 1908. Plaintiff filed an answer to the appeal on February 15, 1909, praying that the judgment be amended in conformity to the prayer of its petitions original and amended.

## Opinion.

Plaintiff does not pray to be decreed the owner of any of the land or timber described in its petitions, but, having alleged possession as owner (of the timber only), it offered its titles, presumably in support of that allegation, and it prayed that its possession be protected by injunction, and a preliminary injunction was issued as prayed for, and has been in part perpetuated. It also alleged that certain inscriptions in the conveyance office, caused to have been made by defendants, cast a cloud upon its titles, and prayed to have them canceled. On the trial, plaintiff made no attempt to prove its alleged possession, and no other possession was shown in defendants than that involved in the alleged trespass of which plaintiff complains. The case now presented is therefore one in which a plaintiff out of possession enjoins a defendant (also out of possession, save as an alleged trespasser) from trespassing on and clouding its alleged title to certain property, without, however, praying for any judgment recognizing such title, and in which defendants meet both charges by affirming the validity of the titles inscribed by them. No objection is urged to the form of the proceeding, and we concur in the view, apparently acted on by the judge a quo, that there should be judgment in favor of the party exhibiting the better title. Plaintiff's answer to the appeal, not having been filed until the day upon which the cause was argued, cannot be considered. Code Prac. art. 890; Reily v. Johnston, 119 La. 119, 43 South. 977; Hammond Oil & Development Co. v. Feitel, 115 La. 137, 38 South. 941; Succession of Trouilly, 52 La. Ann. 27, 26 South. 851.

We are, therefore, to review the judgment appealed from solely with reference to the complaints of the defendants, and, condensing somewhat, we shall deal with the subject in the order in which it is presented in the brief of defendants' counsel.

### Township 22 North, Range 1 East.

1. Plaintiff is recognized as the owner of all the timber on W. ½ of N. W. ¼, S. E. ¼ of S. E. ¼, N. W. ¼ of N. W. ¼, and S. ½ of N. W. ¼, of Sec. 14; and defendant is enjoined from entering thereon, and is condemned to pay for timber cut on S. E. ¼ of N. W. ¼, 9,000 feet; on S. W. ¼ of N. W. ¼, 34,000 feet; on N. W. ¼ of N. W. ¼, 1,000 feet. Plaintiff, however, asserts no claim to the timber on W. ½ of N. E. ¼, or S. E. ¼ of S. E. ¼, of Sec. 14. It establishes its title to the "pine" timber only on S. ½ of N. W. ¼, save that it acquired such timber on S. W. ¼ of S. W. ¼, "less nine acres, belonging to the church," and the evidence shows that the timber cut was oak

and gum, as well as pine, and does not show how much of each was cut, or what proportion of the whole was cut on the church land and what proportion on the other part of the tract. The liability of defendants for the 1,000 feet found to have been cut on N. W. ¼ of N. W. ¼ is admitted.

2. No claim to any timber in section 22 is asserted in the pleadings.

3. Plaintiff bases its claim to the timber on S. E. ¼ of N. E. ¼ of Sec. 23 upon an inchoate contract for its sale by W. W. Cobb to John A. McShane (transferred by McShane to Lockwood & Regan, by Lockwood, Regan, and others to the Pine Hill Lumber Company, and by the latter to plaintiff). This court has recently held, with reference to contracts practically identical in form, that McShane acquired nothing under them, because he did not make himself a party to them, and because neither he nor his transferees ever assumed or discharged the obligations intended to have been imposed by them. Riley v. Union Sawmill Co., 122 La. 863, 48 South. 304; Union Sawmill Co. v. Mitchell et al., 122 La. 900, 48 South. 317. As in the cases referred to, the instrument here in question purports to have been signed by both grantor and grantee, and was intended (by the grantor) to be so signed, but it was never signed or accepted by the grantee (McShane), and his transferees did not attempt to make themselves parties to it in a manner, or within a delay, which could have completed the contract.

4. The same is true with regard to the S. W. ¼ of N. W. ¼, and N. W. ¼ of S. W. ¼, of Sec. 24.

5. Plaintiff shows title to all the timber on S. W. ¼ of N. W. ¼ and W. ½ of S. W. ¼ of Sec. 25. It has judgment recognizing it as the owner of the timber on S. ½ of N. W. ¼, S. W. ¼, and W. ½ of N. W. ¼ of S. E. ¼, and condemning plaintiff to pay for 6,000 feet cut on S. W. ¼ of N. W. ¼, 6,000 feet cut on S. W. ¼ of S. W. ¼, and 11,000 feet cut on S. E. ¼ of S. W. ¼. It appears (an inchoate contract between W. C. Hall and McShane not being considered) to own no timber on S. E. ¼ of N. W. ¼, or on S. E. ¼ of S. W. ¼, and should be held liable only for 6,000 feet cut on S. W. ¼ of S. W. ¼.

6. Plaintiff exhibits no title to timber on E. ½ of N. E. ¼ of Sec. 26.

7. Plaintiff shows a ratified "McShane" contract under which it acquired all the timber on N. ½ of N. E. ¼, S. W. ¼ of N. E. ¼, N. W. ¼ of S. W. ¼ of N. E. ¼, S. ½ of N. W. ¼, N. E. ¼ of N. W. ¼, and on 10 acres on the north side of N. E. ¼ of S. W. ¼, of Sec. 36. It has judgment recognizing it as the owner of the timber on E. ½ of N. W. ¼ and S. ½ of N. E. ¼ of the section, and condemning defendants to pay for 15,000 feet cut on S. ½ of N. E. ¼. It shows no title to the S. E. ¼ of N. E. ¼, and we have no means of knowing upon which of the two "forties" constituting the S. ½ of the quarter the timber was cut.

### Township 22 North, Range 1 West.

8. Plaintiff shows title, by purchase from Mrs. Mollie Ramsay, to the "pine" timber on—

"S. W. ¼, of N. W. ¼ and E. ½ of N. W. ¼ of Sec. 14 * * * reserving old field pine, except fence row on N. E. ¼ of N. W. ¼, also reserving all east Spring Branch on S. E. ¼ of N. W. ¼ * * *, two trees to be reserved and marked for board trees."

9. Plaintiff shows title, by purchase from Miss Nannie Baughman, to an undivided half interest in N. W. ¼ of N. W. ¼ of Sec. 14 (the land itself). Defendant had previously acquired, from Mrs. Mattie Tugwell, one of the heirs of W. C. Hall, 9/80 interest in the timber and in a right of way. W. C. Hall and George Fenton had acquired the tract, in indivision, at a sale in the succession of Robert McGough, and, as Hall and Mrs.

Baughman subsequently united in executing an inchoate (McShane) contract with respect to it, it is to be supposed that Mrs. Baughman had acquired Fenton's interest. On the other hand, there is nothing to show how many heirs W. C. Hall left. Upon the whole, we are of opinion that plaintiff has sufficiently established its title to the half interest acquired from Mrs. Baughman.

10. Plaintiff exhibits title, acquired from J. H. Futch, to the pine timber, "old field pine reserved," on 15 acres on the east side of S. E. ¼ of S. W. ¼ of Sec. 14. Defendants appear, subsequently, to have acquired from W. S. Agerton a right of way over the entire quarter section.

11. Plaintiff shows title to the pine timber on N. W. ¼ of S. E. ¼ of Sec. 15, and to all the timber on S. W. ¼ of S. W. ¼ of same section. Neither of the litigants exhibits any title (other than inchoate contracts, such as have already been considered) to N. E. ¼ of S. W. ¼, S. E. ¼ of S. W. ¼, or S. ½ of S. E. ¼ of Sec. 15.

12. The litigants, respectively, exhibit only inchoate contracts with respect to N. W. ¼ or S. W. ¼ of Sec. 17.

13. Plaintiff acquired the pine timber on N. ½ and N. ½ of N. E. ¼ of Sec. 20 by purchase of D. Phelps, who, for a consideration, ratified a previously executed inchoate contract with McShane. Defendant exhibits only an inchoate contract with James Melton with respect to this tract.

14. Plaintiff shows no title with respect to S. W. ¼ of N. E. ¼ of Sec. 21, the pine timber on which was acquired by defendants from Jesse Odom. Plaintiff exhibits a deed executed by J. H. Futch, March 27, 1902, purporting to convey to it the timber on certain tracts, including S. E. ¼ of N. E. ¼ of section 21, but the deed contains the statement, in parenthesis "(S. E. ¼ of N. E. ¼, Sec. 21, sold to Summit Lumber Co.)," and defendant shows the title thus referred to, as also a title to the same timber from the Pine Hill Lumber Company.

Our predecessors in this court have twice declined to allow attorney's fees as damages to plaintiffs in injunction (Dyke v. Dyer, 14 La. Ann. 701; Neveu v. Voorhies, 14 La. Ann. 738), and, whilst we are inclined to the belief that it may be done under some circumstances, we do not think this a good case in which to establish the precedent, for, if plaintiff is to have attorney's fees for maintaining the injunction in part, defendant should have a similar allowance for dissolving it in part.

For the reasons thus assigned, it is ordered, adjudged, and decreed that the judgment appealed from be set aside, in so far as it decrees plaintiff to be the owner of the timber, and perpetuates the injunction issued by it with respect to defendant's entry on the following described tracts of land (in the parish of Union), to wit: W. ½ of N. E. ¼, S. E. ¼ of S. E. ¼, and 9 acres belonging to church in S. W. ¼ of S. W. ¼ of section 14; N. ½ of N. E. ¼ and S. W. ¼ of N. E. ¼ of section 22; S. E. ¼ of N. E. ¼ of section 23; S. W. ¼ of N. W. ¼ and N. W. ¼ of S. W. ¼ of section 24; S. E. ¼ of N. W. ¼, E. ½ of S. W. ¼, and W. ½ of N. W. ¼ of S. E. ¼ of section 25; E. ½ of N. E. ¼ of section 26; S. E. ¼ of N. E. ¼, S. W. ¼ of N. W. ¼, and N. W. ¼ of N. W. ¼ of section 36—all in township 22 N., range 1 E.; and with respect to the following tracts, to wit: N. W. ¼ of N. W. ¼ and 25 acres on west side of S. E. ¼ of S. W. ¼ of section 14; S. ½ of S. E. ¼, N. E. ¼ of S. W. ¼, and S. E. ¼ of S. W. ¼ of section 15; N. W. ¼ of S. W. ¼ of section 17; S. ½ of N. E. ¼ of section 21—all in township 22 north, range 1 west.

It is further ordered that said judgment be amended by reducing the amount allowed, as the value of timber cut by defendants, from $250 to $14, by rejecting plaintiff's de-

mand for the value of timber cut on S. E. ¼ of N. W. ¼ and S. W. ¼ of N. W. ¼ of section 14, and S. W. ¼ of S. W. ¼ of section 25, township 22 N., range 1 E., as in case of nonsuit, and by rejecting absolutely, otherwise than as herein decreed, its demand for the value of timber alleged to have been cut on other tracts of land, as also its demand for the reimbursement of its attorney's fees.

It is further decreed that in all other respects said judgment be affirmed; plaintiff to pay the costs of the appeal.