(68 South. 109)

No. 20136.

H. B. STEVENS CO., LIMITED, v. BOARD OF ADM'RS OF TULANE EDUCATIONAL FUND.

(March 22, 1915. Rehearing Denied April 12, 1915.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ☞749—ANSWER OF APPELLEE—TIME FOR FILING.

Answer of appellee demanding the reversal of any part of the judgment, or damages against the appellant, must be filed "at least three days before that fixed for the argument, otherwise it shall not be received." Code of Practice, art. 890. Such an answer filed on the third day before that fixed for argument comes too late.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3065–3073; Dec. Dig. ☞749.]

2. LANDLORD AND TENANT ☞211—DAMAGES TO LESSEE'S GOODS—ACTS OF ADJOINING PROPRIETOR—LIABILITY OF LANDLORD.

Where the lessee of a storehouse in Canal street was damaged in his goods and trade in consequence of necessary work done by an adjoining proprietor to strengthen a wall in common, constituting one side of the leased premises, *held*, that the lessee was entitled to a reduction of rent, but not to damages as against the lessor. Dorville v. Amat, 6 La. Ann. 566, reaffirmed.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 840–845; Dec. Dig. ☞211.]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by the H. B. Stevens Company, Limited, against the Board of Administrators of the Tulane Educational Fund. From judgment for defendant, plaintiff appeals. Affirmed.

J. F. Pierson, of New Orleans, for appellant. Esmond Phelps, of New Orleans, for appellee.

LAND, J. The petition alleges: That in April, 1905, the plaintiff leased from the defendant a certain three-story brick store building fronting Canal street in the city of New Orleans for the term of five years, commencing October 1, 1905, and ending September 30, 1910, for the price of $10,000 per annum, payable in monthly installments.

That one of the sides of the building was a party wall, or wall in common, between the leased building and a contiguous building owned by Mayer Israel, which was destroyed by fire, leaving the party wall standing.

That in the year 1909 the said Israel commenced to erect a higher building on his lot, using said party wall, and notified the plaintiff that, in order to repair said wall in common and to strengthen its foundations so as to make it sufficient to support the two buildings, he would be compelled to prop up and support the said wall from plaintiff's side, and that, to enable him to do so, the goods, merchandise, and fixtures of plaintiff in said leased building would have to be removed some nine feet from said wall from front to rear.

That plaintiff, being advised that it had no legal right to prevent said Israel from so doing, notified the defendant of the intended action of the said Israel, and also notified defendant, its own lessor, that plaintiff looked to it to maintain plaintiff in the full use and quiet enjoyment of the leased premises, and to hold plaintiff harmless against all losses, damages, and injuries which should arise from the exercise of such rights by the said Israel.

That petitioner had at the time a large quantity of its stock of goods on shelves attached to the said party wall and stored on trunnel platforms within nine feet of said wall, all of which were removed, and for want of space had to be dumped and piled on other goods in said store and in such manner as to render it impracticable to properly protect and care for them. That same resulted in great injury and damage to said goods.

That from May 11th to June 29, 1910, said Israel and his employés were engaged on said party wall. That they braced and shored

up the wall on plaintiff's side; occupied about nine feet of the store on that side. They excavated under the wall and piled up the débris and mud in front of the store, thereby impeding access by customers. They so impeded the use of the elevator that access to the second and third floors by customers and trade on said floors were practically "defeated." That the stock of goods and affairs in the store were kept in confusion and disorder by the work going on, and plaintiff's trade and business during that time were practically suspended, to its great loss, injury, and damage, as to all of which due notices were given to the defendant lessor.

Most of the other allegations of the petition relate to the damages sustained, such as depreciation of goods, extra fire insurance, and loss of customers.

Petitioner also alleged amicable demand without avail, and that the defendant lessor refuses to allow any reduction or offset against the price of the lease for or on account of the damages claimed by the petitioner. Plaintiff prayed for judgment for the sum of $3,552.25, of which the sum of $2,625 was claimed for loss of customers.

Defendant filed an exception of no cause or right of action, which was overruled by the judge below.

For answer, after pleading the general issue, the defendant set forth the facts of the case, and assigned reasons why the plaintiff was not entitled to recover anything from the respondent, as lessor.

Plaintiff presented an amended petition, alleging:

"Said plaintiff avers and shows that, in addition to the demands set forth in its original petition it is also by law entitled to a reduction of the lease price paid by it to the defendant for the months of May, June, and July, 1909, covering the time of the disturbance in its occupancy of the leased premises on its said original petition, of $2,000, as part of the losses and injuries inflicted on it by the partial eviction and disturbance set forth as aforesaid, with legal interest thereon from July 10, 1909, until paid."

Defendant excepted to the amended petition as altering the substance of and as contrary to the original demand and as disclosing no cause of action.

The court referred this exception to the merits, reserving defendant's right to object to evidence offered on the trial in support of the amended petition.

For answer to the amended petition, the defendant, after pleading the general issue, admits that plaintiff paid it, prior to August 1, 1909, $2,525 for rent due for the months of May, June, and July, 1909, but avers that plaintiff is estopped to reclaim any portion of the rent so paid, for the reason that plaintiff paid the same without protest and acquiesced in that action by not making any demand for the same until the month of May, 1912.

The cause was tried on its merits, and judgment was rendered in favor of the plaintiff for $552.50, with interest from judicial demand and for costs; "said sum being in reduction of rent and for extra insurance."

Plaintiff has appealed from the judgment, and the transcript was filed in this court on August 4, 1913.

[1] Defendant's answer to the appeal praying that the judgment be reversed, and the suit dismissed on the exception filed by the defendant, was filed on February 2, 1914. The case was fixed for argument for February 5, 1914. As article 890 of the Code of Practice declares that if the appellee "demand the reversal of any part [of the judgment], or damages against the appellant, he shall file his answer at least three days before that fixed for the argument," it is clear that the appellee's answer came one day too late, and cannot be considered.

The question before the court, therefore, is whether the judgment below contains error to the prejudice of the plaintiff.

[2] As showing the crucial question to be determined on this appeal, we make the following extract from plaintiff's brief:

"The judge a quo expressed the view that the losses to goods and of trade and custom had been established by the proof made, but that under the authority of Dorville v. Amat, 6 La. Ann. 566, and Reynolds v. Egan, 123 La. 298, 48 South. 940, cited by defendant's counsel, such injuries or damages to goods and trade or custom could not be recovered against the lessor. Not only the losses to the amount charged for were fully established by the proof made, but also that such losses resulted alone from the disturbance by Mr. Israel, his contractor and workmen, in repairing the wall."

It is to be noted that the plaintiff does not charge the defendant, its lessor, with any fault in the premises, but rests its case on the proposition that the lessor is bound in warranty to indemnify the lessee against all vices and defects of the property leased (C. C. art. 2695) and against all claims of ownership or servitudes against the leased premises (C. C. art. 2704).

The extent of the servitude of support exercised by Mayer Israel operated a temporary inconvenience to the plaintiff (the tenant) which the defendant (the lessor) could not prevent.

In Dorville v. Amat, 6 La. Ann. 566, decided in June, 1851, it was held, as expressed in the syllabus, that:

"Where a person rents a house with a partition wall on one side of it, and the adjoining proprietor finds it necessary to demolish this wall, in order to erect a more substantial one, to suit the character of the building he is about erecting, this does not authorize a suit on the part of the tenant against his landlord for a dissolution of the lease. He can only claim a reduction of the rent, proportioned to the inconvenience he has suffered."

In that case the tenant (defendant) "claimed a large sum in damages." The court, through Slidell, J., reasoned as follows:

"This wall, being the separating wall of adjoining houses in a city, was not only a party wall in fact, as proved at the trial, but was a common wall, by presumption of law, under article 673 of the Civil Code. Its position and character being apparent, the lessee may be considered as having notice of it at the execution of the lease, and therefore having notice of the legal rights of the adjoining proprietor. One of these rights was to demolish and build the wall anew, if necessary in the erection of a

new building, whose weight it would be insufficient to support. C. C. art. 677, 678. When the adjoining proprietor chose to exercise this right, its demolition was not an active violation, by the lessor, of his contract as landlord, nor did it authorize the lessee to abandon the premises and claim damages, for the house was still susceptible to occupancy, and the inconvenience was temporary. The extent of relief to which the lessee was entitled was a reasonable reduction of the rent during the continuance of the inconvenience. We consider the relation of landlord and tenant, * * * in a case of this kind, as analogous to that which they occupy where repairs are required. C. C. art. 2670."

This case was cited with approval in Gettwerth v. Hedden, 30 La. Ann. 32.

The case of Reynolds v. Egan, 123 La. 294, 48 South. 940, did not involve the question of a party wall, but of work done on adjoining ground of such a nature as to cause damage to a building leased by the defendant to the plaintiff. The court in summing up said:

"The Grunewald Hotel Company either acted in strict accord with its rights, or it has passed outside the limits of its rights and subjected itself to actions of damages for tort. If the latter be the case, plaintiff (lessee) has no action against the defendant (lessor) under article 2703. If the former be the case, while the plaintiff might be entitled to relief of some kind at the hands of her lessor, it would not go to the extent of holding her liable to an action for damages for all the consequences resulting from her possession being disturbed partially or entirely. She would be limited either to a claim for reduction of rent or to a demand for the cancellation of the lease, with the rights flowing from such cancellation."

Article 2699 of the Civil Code reads:

"If, without any fault of the lessor, the thing cease to be fit for the purpose of which it was leased, or if the use be much impeded, as if a neighbor, by raising his walls shall intercept the light of a house leased, the lessee may, according to circumstances, obtain the annulment of the lease, but has no claim for indemnity."

Under Civil Code, art. 2700, in case of necessary repairs, the tenant has not even a claim for reduction of rent, unless the repairs should continue for a longer time than one month.

For mere temporary inconvenience of tenants, due to necessary repairs, or to the con-

struction or repair of party walls, or to any other cause, the lessor, not in fault, is not responsible in damages.

Civil Code, art. 2704, refers to hostile claims of ownership, or of servitudes, which threaten to oust the possession of the tenant. The undisputed legal right of the joint owner of a wall in common to strengthen it does not fall within the purview of that article.

The case relating to party walls cited by counsel for plaintiff are to the effect that, when one exercises the right granted by C. C. art. 682, his neighbor is bound to bear, without indemnity, the inconvenience and injury thereon, so far as they are inseparable from the exercise of the right. Heine v. Merrick, 41 La. Ann. 194, 5 South. 760, 6 South. 637; Levy v. Fenner, 48 La. Ann. 1404, 20 South. 895.

The cases relating to lessors and lessee cited by counsel for plaintiff are as follows: Levy & Co. v. Madden, 116 La. 374, 40 South. 766, where the defective condition of a brick wall in a leased storehouse rendered the reconstruction necessary, and the tenant was damaged by the work of reparation; Goldsmith v. Virgin, 122 La. 831, 48 South. 279, where the condition of the leased premises became unfit for use and dangerous to the occupants; and O'Rourke v. Fulton, 133 La. 955, 63 South. 480, where the floors of a leased storehouse did not have the carrying capacity called for by the contract. These cases have little or no analogy to the case at bar.

We cannot understand how the legal right of Israel to strengthen the party wall in question can be considered as a vice or defect in the leased premises, or as a claim to the whole or part of the thing leased, or some servitude thereon, in the sense of C. C. art. 2704. Defendant could not have leased the party wall to the plaintiff, except subject to the rights of the adjoining proprietor, on whose lot one-half of the wall stood.

We see no good reasons for overruling Dorville v. Amat, 6 La. Ann. 566.

Judgment affirmed.