**LONATRO, Appellant v. PALACE THEATRE COMPANY**

---

(November 29, 1926. Opinion and Decree.)
(December 13, 1926. Rehearing Refused.)
(February 1, 1927. Writs of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Pleading—Par. 80.**
   A prayer by appellee to amend the judgment comes too late when filed on the

day fixed for the argument of the case.

**2. Louisiana Digest—Pleading—Par. 62.**

A petition which charges injury to a patron sitting in the parquette of a theatre from a bottle falling from an upper tier disclosed a cause of action under proper allegations.

**3. Louisiana Digest—Theatres and Exhibitions—Par. (not yet listed); Hotels and Innkeepers—Par. 2; Carriers—Par. 28; Negligence—Par. 10.**

Theatres may be compared to innkeepers and as such are liable in the same manner as carriers.

**4. Louisiana Digest—Carriers—Par. 42; Negligence—Par. 41.**

The burden is upon them to prove that the injury occurred without negligence on their part.

Appeal from Civil District Court, Division "B". Hon. M. M. Boatner, Judge.

Action by Mrs. Sal Lonatro against Palace Theatre Company, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

U. Marinoni, Jr., M. Provosty, of New Orleans, attorneys for plaintiff, appellant.

P. M. Milner, of New Orleans, attorney for defendant, appellee.

## OPINION

CLAIBORNE, J. This is a damage suit filed April 30, 1920, for an injury suffered in a theatre.

The plaintiff alleged that on May 4, 1919, she purchased a ticket and entered the theatre of the defendant company and occupied a seat assigned to her by the management in the parquette to witness a continuous show of vaudeville presented by the theatre company; that a short time after being seated and while looking at the performance she was suddenly struck upon the head by an empty pop bottle falling from above without warning; that the severe blow provoked a flow of blood from which she suffered greatly, causing her damage in physical suffering to the extent of $10,000.

"Petitioner further represents that the defendant, as owner and operator of the theatre to which the public is invited, must use reasonable care not to create or permit conditions which endanger the persons of visitors or spectators who are in their proper places in seats provided for their use; that an accident in which a spectator, while sitting in the place provided by defendant and without any fault on the spectator's part, is injured by a glass bottle falling from above, is of such a nature which a prudent management of a theatre would have foreseen as a likely result of the condition created by defendant by which it sold, or caused, or allowed to be sold to other visitors and spectators in the balcony and higher tiers and in the proscenium boxes pop and soft drinks in heavy glass bottles; that defendant could easily have guarded against an accident such as the one in question, which common knowledge and experience shows is likely to result from a condition such as the one created or permitted to be created in its theatre, by requiring the peddlers or sellers of the pop and soft drinks not to deliver the bottle itself to the purchaser, but to first empty the contents into collapsible paper drinking cups, and to give to the purchaser the contents and cups only, as was in fact done by the defendant after the happening of the accident in question. Plaintiff further averred that the accident was the direct result of the wanton negligence and carelessness of defendant, its servants and employees, in creating and permitting a condition which resulted in the injury to plaintiff, and that an accident such as the one in question, resulting from conditions such as the one existing in the defendant's theatre is of itself proof of negligence on the defendant's part."

The defendant excepted to the petition on the ground "that this, the same suit,

by the same plaintiff against exceptor filed August, 1919, under the number 12817, entitled Mrs. Sal Lanatro vs. Palace Theatre Co., Inc., which was dismissed by the Hon. Hugh C. Cage, Judge of Division "A" of this court upon an exception of no cause of action on the — day of —————, 1920; that the cause of action and the facts alleged are the same, exceptor pleads res adjudicata as the plaintiff has never appealed from said judgment, and the same is now final by the lapse of over one year".

Judgment was rendered November 15, 1923, overruling the exception of res adjudicata, and maintaining the exception of no cause of action.

From this judgment the plaintiff alone has appealed.

This appeal was fixed for trial in this court for November 16, 1926. Upon that same day the defendant appellee filed in this court an answer praying "that the judgment rendered be amended by sustaining the exception of res adjudicata as well as the exception of no cause of action".

This answer comes too late.

C. P. 890. But if he (the appellee) demand the reversal of any part, or damages against the appellant, he shall file his answer at least three days before that fixed for the argument, otherwise it shall not be received. Act 103 of 1908, p. 161, La. Dig. S. 499, p. 521; Bonnin vs. Town of Crowley, 112 La. 1023, 36 So. 842; Hammond Oil & Development Co. vs. Feitel, 115 La. 132, 38 So. 94; Gartner vs. Richardson, 123 La. 195, 48 So. 886; Union Sawmill Co. vs. Arkansas Southeastern R. R. Co., 126 La. 555, 49 So. 173; La. Land Co. vs. Blakewood, 131 La. 539, 59 So. 948; Crusel vs. Brooks, 133 La. 477, 63 So. 114; Stevens Co. vs. Board of Education, 136 La. 1013, 68 So. 109.

"A prayer by the appellee to amend the judgment comes too late when filed the day fixed for the argument of the case." Reed vs. Corbin, 115 La. 137, 38 So. 942; Shreveport Natl. Bank vs. Maples, 119 La. 43, 43 So. 905; Union Sawmill Co. vs. Ark. S. E. Ry. Co,. 123 La. 555, 49 So. 173.

There remains only one question; whether the petition discloses a cause of action. In considering this question we must assume that all the allegations of fact of the petition are true.

The petition alleges as a legal proposition which cannot be controverted "that the defendant as owner and operator of a theatre to which the public is invited must use reasonable care not to create or permit conditions which endanger the persons of visitors or spectators who are in their proper places in seats provided for their use". Schmidt vs. N. O. Rys. Co., 116 La. 323, 40 So. 714; 138 N. Y. S. 34; 84 C. C. A. 126; 156 Fed. 100; Law of Motion Pictures by Frohlich 102; 31 Ind. App. 695, 68 N. E. 909; 116 N. Y. S. 1051; 83 Minn. 40; 78 Misc. Pep. 383, 138 N. Y. S. 364; 69 Wash. 638; 42 L. R. A. A. N. S. 1070; 125 Pac. 941; 84 C. C. A. Stair vs. Kane, 126 Fed. 100; 3 H. and C. 596, 139 Fed. 528; 1 L. R. A. N. S. 533; 74 Misc. (N. Y.) 463; 132 N. Y. 373.

It alleges as a question of fact and as a corrollary of the above legal proposition "that an accident in which a spectator, while sitting in the place provided by defendant and without any fault on the spectator's part is injured by a glass bottle falling from above is of such a nature which a prudent management of a theatre would have foreseen as a likely result of the condition created by defendant by which it sold, or caused or allowed to be sold to other visitors and spectators in the balcony and higher tiers and in the proscenium boxes, pop and soft drinks in heavy glass

bottles, that defendant could easily have guarded against an accident such as the one in question which common knowledge and experience shows is likely to result from a condition such as the one created or permitted to be created in its theatre".

We must therefore assume as true that the defendant "sold, or caused or allowed to be sold," within the theatre and in the higher tiers pop in heavy glass bottles, and that an accident such as the one described in the petition from common knowledge and experience was likely to result from such a practice". These allegations, in our opinion, disclose a cause of action. If they are not true it is a matter of defense in an answer to the merits. The burden would then lie with the defendant to prove that the pop in bottles was not sold by them or with their authority, or, if so sold, that no accident of the sort had ever occurred, or could have been reasonably anticipated.

The responsibility of managers of theatres may be compared to that of lessors or innkeepers, and the responsibility of a carrier is compared to that of innkeepers. C. C. 2751.

The converse of the proposition must be true. It is the jurisprudence that when a passenger is hurt upon a train the burden is upon the carrier to prove that the injury was not caused by its negligence. Hopkins vs. N. O. Ry. & Lt. Co., 150 La. 61, 90 So. 512; Gooman vs. N. O. Public Service, No. 9041 Orl. App.

"It is an implied condition on their (railroad) part with each passenger that the latter will not be put in jeopardy of life or limb by any fault, even the slightest, of the servants of the company". Idem.

In cases where the plaintiff cannot be expected to have any information as to the cause of the accident, whereas the defendant must be presumed to be fully informed on the subject, and when the accident is of the kind which ordinarily does not occur when due care has been exercised, the rule of evidence is that the accident speaks for itself, res ipsa loquitur, that is to say that a presumption of negligence arises from the fact itself of the accident. In such cases the plaintiff not only need not allege the particular acts of omission or commission from which the accident has resulted, but need not even prove them. The accident itself makes out a prima facie case, and the burden is on the defendant to show absence of negligence. Idem; Lykiardopoulo vs. N. O. & C. R. Light & Power Co., 127 La. 309, 53 So. 575; 166 N. Y. 188; 52 L. R. A. 992; 73 Wash. 338; 132 Pac. 39; 2 Cooley on Torts 1424, 30 Ed.

The judgment is therefore reversed and the case remanded for trial upon its merits.