JOHN SHERIDAN v. MICHAEL FOLEY.

A contractor, who is engaged in the erection of a building, is bound to take care to prevent materials which he is using from falling upon and injuring other persons who are at work about the building; and it will be presumed, from the mere happening of such an accident, in the absence of explanation by the contractor, that it occurred from want of reasonable care.

---

Case certified from Hudson Court of Common Pleas.

This is an action brought to recover for personal injuries received by the plaintiff while at work upon a building which was being erected in the city of Hoboken. On the trial it appeared, according to the plaintiff's evidence, that the defendant, Foley, had a contract with the owner to do the mason work upon the building, and that the plaintiff's employer had the contract to do the plumbing. That while the plaintiff

was at work laying a sewer pipe at the foot of one of the walls of the building which the defendant's employes were then engaged in erecting, he was struck upon the head and seriously hurt by a brick, which fell either from the scaffold upon which certain of the defendant's employes were at work engaged in laying the wall or else from the hod of one of the defendant's hodcarriers, as he was ascending the ladder to the scaffold with a hod of bricks.

Upon this evidence the trial judge nonsuited the plaintiff, on the ground that, as he viewed the case, there was nothing in the law or facts that would justify the court in allowing the case to go to the jury. Afterwards a rule to show cause was allowed, and was certified to this court for its advisory opinion whether said rule should be made absolute and a new trial granted.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices REED and GUMMERE.

For the plaintiff, *John I. Weller.*

For the defendant, *James F. Minturn.*

The opinion of the court was delivered by

GUMMERE, J. It cannot be denied that it was the duty of the defendant to so carry on the work upon which he was engaged as not to injure other persons who were employed upon other work upon the same premises, and that if the plaintiff was injured through the carelessness of the defendant, or his servants, in the performance of their work, he is entitled to compensation for such injury.

It is urged, however, on behalf of the defendant, that the plaintiff was bound, in order to entitle him to a verdict, to prove affirmatively that the injury which he received was caused by the negligent act of the defendant, or of his servants; that mere proof that the plaintiff was injured by a brick falling from the hod of one of the defendant's hod-

carriers, or from a scaffolding upon which some of the employes of the defendant were engaged in laying a wall, does not, standing alone, raise any presumption of negligence; and that, as there was no evidence offered to show under what circumstances the brick fell, there was nothing in the case to warrant the jury in inferring that the injury complained of was the result of the carelessness of the defendant or of his employes.

While it is true, as a general principle, that mere proof of the occurrence of an accident raises no presumption of negligence, yet there is a class of cases where this principle does not govern—cases where the accident is such as, in the ordinary course of things, would not have happened if proper care had been used. In such cases the maxim *res ipsa loquitur* is held to apply, and it is presumed, in the absence of explanation by the defendant, that the accident arose from want of reasonable care.

A leading case on this subject is *Kearney* v. *London, &c., Railway Co., L. R.,* 5 *Q. B.* 411; *S. C. on appeal, L. R.,* 6 *Q. B.* 759. The facts were that the plaintiff was passing along a highway under a railway bridge when a brick fell from one of the piers on which the girders of the bridge rested and injured him. A train had passed over the bridge shortly before the accident, but the evidence failed to disclose whether it was a train of the defendant company or of another railway company which also used the bridge. The bridge had been built and in use for three years. The Court of Queen's Bench held that the maxim *res ipsa loquitur* applied; that as the defendants were bound to use due care in keeping the bridge in proper repair, so as not to injure persons passing along the highway, so unusual an occurrence as the falling of a brick was *prima facie* evidence from which the jury might infer negligence in the defendants, and the principle was unanimously affirmed by the Court of Exchequer Chamber on the argument of the appeal.

Another case, quite similar in its facts to the one now before us, where this principle was applied, is that of *Byrne*

v. *Boadle*, 2 *H. & C.* 722. In that case the plaintiff was injured by the falling of a barrel from the window of the defendant's shop ; there was no evidence to show what caused the barrel to fall, nor was there any direct evidence to connect the defendant or his servants with the occurrence. Pollock, C. B., in discussing the question of the defendant's liability, said : " There are certain cases which it may be said are *res ipsa loquitur*, and this seems one of them. * * * It is true that there are many accidents from which no presumption of negligence can arise, but this is not so in all cases. Suppose, in this case, the barrel had rolled out of the warehouse and fallen on the plaintiff, how could he possibly ascertain from what cause it occurred ? It is the duty of persons who keep barrels in a warehouse to take care that they do not roll out ; and I think that such a case would, beyond all doubt, afford *prima facie* evidence of negligence. A barrel could not roll out of a warehouse without some negligence, and to say that a plaintiff who is injured by it must call witnesses from the warehouse to prove negligence, seems to me preposterous. So, in building or repairing a house, if a person passing along the road is injured by something falling upon him, I think the accident alone would be *prima facie* evidence of negligence."

In our own state, in the case of *Bahr* v. *Lombard, Ayres & Co.*, 24 *Vroom* 233, this maxim was fully commented upon and applied.

The facts in the present case bring it within the application of this principle. The bricks were in the custody of the defendant's servants at the time when this one fell, and it was their duty to so handle them as not to endanger others who were engaged in other work upon the same premises. This brick could not have fallen of itself, and the fact that it fell, in the absence of explanation by the defendant, raises a presumption of negligence. If there are any facts inconsistent with negligence, it is for the defendant to prove them.

The Court of Common Pleas is advised that the rule to show cause should be made absolute.