A. HOLLANDER & SON, INCORPORATED, APPELLANT, v. DANIEL RUDER, RESPONDENT.

Submitted February 11, 1927—Decided May 16, 1927.

1. The rulings of the trial court upon questions as to insurance of appellant against loss were correct under authority of *Day* v. *Donohue*, 62 *N. J. L.* 380.
2. Refusal of trial court to direct a verdict in favor of appellant was proper because there was a contested question of fact requiring the submission of the cause to the jury.

On appeal from the Essex County Circuit Court.

For the appellant, *Walter J. Bilder.*

For the respondent, *Benjamin F. Jones.*

The opinion of the court was delivered by

CAMPBELL, J. The appellant sought to recover from the respondent $2,500, the value of a bag of musk-rat skins, which, it is said, was delivered by the former to the latter at Newark, with other merchandise, for delivery at Long Branch.

The particular bag of musk-rat skins was not delivered at Long Branch. Appellant engaged respondent's truck and driver for the purpose of carting the goods and a servant of appellant rode on the truck during the trip from Newark to Long Branch. The trial of the issue resulted in a verdict for respondent, the defendant below, and the plaintiff below appeals from the judgment entered thereon.

Of the thirteen grounds of appeal the third, fourth, fifth and sixth only are urged.

The third, fourth and fifth may be considered together.

They are directed at rulings of the trial court with respect to questions asked of one Charles Katz, the superintendent of appellant, who was called by the appellant in rebuttal.

The questions and rulings were upon the cross-examination of the witness, after he had testified, denying that he had told respondent and his son that they need not worry concerning their responsibility for the goods carted by them because the appellant was insured against loss. The questions were directed to the matter of whether or not appellant had been paid, through insurance, for the loss of the skins in question, and whether or not appellant was insured against such loss. Most of these questions were not answered and those that were brought forth answers showing that the witness had no knowledge as to insurance, as his employment was of a character that did not bring such a matter to his notice; that he knew generally that the appellant was insured, but in what amount, who with, or who handled it, he did not know.

Under *Day* v. *Donohue,* 62 *N. J. L.* 380, these questions and the rulings thereon were proper. At any event the answers were not harmful or prejudicial to the appellant.

The sixth and remaining ground of appeal is that the court erred in refusing to direct a verdict against respondent and in favor of appellant.

This is not properly before us, because there seems to have been no exception taken to the refusal to direct.

But aside from this there was a contested question of fact as to whether or not the goods in question had been delivered to the respondent and that required a submission of the cause to the jury.

The judgment below is therefore affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 14.

*For reversal*—None.