JOSEPH GORDON, PLAINTIFF-APPELLEE, v. SAMUEL A. WEINREB, DEFENDANT-APPELLANT.

Submitted October term, 1935—Decided November 26, 1935.

Before Justices Trenchard, Heher and Perskie.

For the appellant, *Collins & Corbin.*

For the appellee, *Abel Goldstein.*

The opinion of the court was delivered by

Perskie, J. The basic question requiring decision in this case is—did the trial judge correctly apply the doctrine or maxim of *res ipsa loquitur?*

Plaintiff, while in defendant's drug store, was invited by the latter to the rear part of the store where he was compounding prescriptions. Plaintiff, while engaged in conversation with the defendant, was hit on the head by a falling box of soap, weighing about thirty-five or forty pounds, which fell from a shelf on which it was piled, about eighteen feet above the store floor. Merchandise had been removed from the shelves by the defendant's employes, who were, at the time of the accident, dressing the windows of the store with merchandise. For the alleged injuries thus sustained plaintiff caused suit to be instituted against the defendant.

Defendant practically, if not actually, concedes the facts as stated. He did not "go forward" with any explanatory evidence.

Defendant's motions of nonsuit and directed verdict were denied. That was right. *Law* v. *Morris,* 102 *N. J. L.* 650; 133 *Atl. Rep.* 427. Plaintiff moved for a directed verdict on the ground that the doctrine or maxim of *res ipsa loquitur* was applicable. The court granted the motion and directed the jury to find a verdict for the plaintiff and submitted the case to the jury on the *quantum* of damages only. That was wrong.

The doctrine or maxim of *res ipsa loquitur* finds perfect expression in many of our decisions. The following are but a few of the many which are illustrative. *Sheridan* v. *Foley,* 58 *N. J. L.* 230; 33 *Atl. Rep.* 484; *Law* v. *Morris, supra,; Hochreutner* v. *Pfenninger,* 113 *N. J. L.* 317; 174 *Atl. Rep.* 513; *Smith* v. *Kirby,* 115 *N. J. L.* 225; 178 *Atl. Rep.* 739. In the last cited case our Court of Errors and Appeals, by Mr. Justice Lloyd, adopted this classic definition (1 *Thomp. Negl., ch.* 15) which is that, "where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explana-

tion by the defendant, that the accident arose from want of care." Assuming, however, that the doctrine or maxim of *res ipsa loquitur* was applicable here, it is well settled that it does not raise a conclusive presumption of negligence sufficient to remove a case from the jury. "The inference [negligence] is still one for the jury and not for the court. They may not believe the witness; the circumstances may be such that the jury will attribute the injury to some cause with which the defendant has nothing to do; they may find the inference of negligence too weak to persuade their minds." *Hughes* v. *Atlantic City and Shore Railway Co.*, 85 *N. J. L.* 212; 89 *Atl. Rep.* 769; *Bud Dress Shop* v. *Newark Glass Co.*, 10 *N. J. Mis. R.* 614, 615.

And since the judgment of $400 rendered by the jury here in favor of the plaintiff must be reversed, we desire to point out some of the cases which correctly state the law on the propriety of asking a defendant, on cross-examination, as the defendant was asked here, if it were really in his own interest that he was testifying, or whether he was insured against the result of an adverse verdict. *Day* v. *Donohue*, 62 *N. J. L.* 380; 41 *Atl. Rep.* 934; *Hollander & Son* v. *Ruder*, 103 *N. J. L.* 658; 137 *Atl. Rep.* 405.

Judgment is reversed, to the end that a *venire de novo* issue; costs to abide the event.