MARY TITONE AND GIACOMO TITONE, PLAINTIFFS-AP-
PELLEES, v. ECONOMY BOOTERY, A CORPORATION OF
NEW JERSEY, DEFENDANT-APPELLANT.

Submitted January 31, 1936—Decided May 21, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *William J. Baker* (*Charles Hershen-
stein,* of counsel).

For the appellees, *Sydney Shulman* (*Benjamin Baron,* of
counsel).

The opinion of the court was delivered by

PERSKIE, J.   Did the trial judge, who sat in this cause
without a jury, correctly deny defendant's motions to nonsuit
and to direct a verdict in its favor and against the plaintiffs?
We think he did.

This was a suit by the wife and husband to recover dam-
ages from defendant for injuries sustained by the wife as a
result of being struck on her head and shoulders with an elec-
tric light bulb while walking in front of defendant's store.
and while directly underneath defendant's electric sign which
was some twenty-five or thirty feet above its store.   After she
was struck she looked up and saw one bulb in the sign miss-
ing, and further observed that the remaining bulbs were of
the same character as the one which struck her.

The testimony for the defendant, in substance, was that "it was an enclosed sign, the bulbs were inside [thereof] and all covered up." In short that the sign was so constructed that it was an utter impossibility for a bulb to fall elsewhere than inside of the frame of the sign. An entirely different character of a sign was described for the plaintiffs. Their testimony, in substance, was that it was a wooden sign, gold lettered, with a sort of tin canopy, and that the bulbs were "under the top of the sign," and that they were not enclosed. This sharp divergence of proof gave the trial judge great concern. He so told counsel for the respective parties. He said that he would reserve decision and asked counsel to see what, if anything further, by way of proof, such as the makers of the sign, people in the neighborhood, &c., they could find which would help him determine the truth.

The case was tried on September 12th, 1935. On the very next day the attorney for the defendant addressed the following letter to the attorney for the plaintiffs:

"WILLIAM J. BAKER,
26 Journal Square,
Jersey City, N. J.

September 13, 1935.

Harry Melnick, Esq.,
473 Broadway,
Bayonne, N. J.
  *Re: Titone v. Economy Bootery.*
Dear Mr. Melnick:

You will recall that in the trial of the above case before Judge Melniker yesterday there was a direct conflict in testimony as to the type of electric sign which the defendant had in front of his premises. My client, Mr. Fishman, who testified in his behalf, called me on the telephone this morning and advised me that at the time of the alleged accident there was in front of his premises a sign containing exposed electric bulbs. He desires that I call the court's attention to this fact and I accordingly am writing you at this time in order that you may communicate same to the court.

The situation is an unusual one but you will agree with me that Mr. Fishman is entitled to commendation for so frankly conceding that he was mistaken in his testimony.

Yours very truly,

WILLIAM J. BAKER."

The trial judge entered a judgment in favor of the plaintiffs and against the defendant in the sum of $200.

When the motions to nonsuit and to direct a verdict were made defendant necessarily admitted the truth of plaintiffs' testimony and the inferences that could legitimately be drawn therefrom. And such motions were properly denied when, as here, the testimony and the inferences to be drawn therefrom will support a verdict for the plaintiff. *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.,* 111 *N. J. L.* 487; 170 *Atl. Rep.* 22; *Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374. Circumstantial or presumptive evidence in determination of civil causes is "a mere preponderance of probabilities, and, therefore, a sufficient basis of decision." *Jackson* v. *Delaware, Lackawanna and Western Railroad Co., supra.*

Moreover, we think that the doctrine of *res ipsa loquitur* finds perfect application in this cause. But, even if the proof, such as it was, offered for defendant can be considered as a "going forward," or "explanatory evidence," still a jury question was presented. *Gordon* v. *Weinreb,* 13 *N. J. Mis. R.* 835; 181 *Atl. Rep.* 435.

Judgment is affirmed, with costs.