EDWARD KLATT, PLAINTIFF-APPELLEE, v. THE HOBOKEN BANK FOR SAVINGS IN THE CITY OF HOBOKEN, DEFENDANT-APPELLANT, AND MAURA PATANE, ALSO KNOWN AS MAURICE AND MORRIS PATANE, EITHER JOINTLY, SEVERALLY OR IN THE ALTERNATIVE, DEFENDANTS.

Submitted October 7, 1940—Decided March 11, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the appellant, *Townsend & Doyle* (*Mark Townsend* and *Cyril J. Galvin*, of counsel).

For the appellee, *Louis K. Wilder* (*David M. Klausner*, of counsel).

The opinion of the court was delivered by

PERSKIE, J.   The single question raised and requiring decision is whether, on the facts of this cause, the trial judge erred, as it is claimed he did, in denying defendant's motions to nonsuit and to direct a verdict in its favor.

This is a tort case.   Plaintiff is an awning mechanic and was, on September 24th, 1937, employed by the Hoboken Awning Company which company had been engaged by The Hoboken Bank for Savings In The City of Hoboken, a mortgagee in possession of premises 933 Park avenue, Union City, to remove awnings from its building.   In order to remove these awnings, plaintiff had to open the window from the top down, straddle the window, release the clamp which supported the rod holding the awning, catch the rod as it dropped and pass the rod and awning to a helper inside the building. On the day in question, plaintiff had taken down 120 awnings.   While he was removing the last awning on the building, a keystone, fitted wedge shaped, in the center of a granite and stone border above the window, fell and struck him causing injuries and resultant damages for the recovery of which plaintiff brought this suit against the record owner of the property and the mortgagee in possession thereof.   After a full, fair and accurate charge, free from exception, the jury returned a verdict in favor of the plaintiff and against the mortgagee in possession in the sum of $1,000, and a verdict of no cause for action in favor of the record owner.   From a judgment entered on this verdict the mortgagee in possession appeals, the error assigned being, as already stated, the refusal of the trial judge to grant a nonsuit or direct a verdict in favor of the defendant.

We think no error was committed.   Plaintiff's testimony, so far as negligence is concerned, consisted solely of the telling of the happening of the accident.   While it is the well

settled law that, as a general rule, proof of the occurrence of an accident does not raise the presumption of negligence (*Bahr* v. *Lombard, Ayers & Co.* (*Court of Errors and Appeals*), 53 *N. J. L.* 233; 21 *Atl. Rep.* 190), and that plaintiff must carry the burden of proving negligence as charged, for negligence is not presumed (*McCombe* v. *Public Service Railway Co.* (*Court of Errors and Appeals*), 95 *N. J. L.* 187, 189; 112 *Atl. Rep.* 255), this is a type of case which calls for the application of the doctrine of *res ipsa loquitur*. A falling object is involved, and the keystone, the instrumentality causing the accident, was under the sole management and control of the defendant mortgagee in possession. See *Cleary* v. *Camden,* 118 *N. J. L.* 215; 192 *Atl. Rep.* 29 (and cases there collated); *affirmed,* 119 *N. J. L.* 387; 196 *Atl. Rep.* 455. Nor is the doctrine rendered inapplicable, because, as it is argued, the plaintiff was an expert stone cutter and may have had some opinion as to how and why the accident happened. Thus with the aid of the doctrine an inference of negligence, want of due care, arose and the motion for nonsuit was properly denied. *Cf. Spill* v. *Stoeckert,* 125 *N. J. L.* 382; 15 *Atl. Rep.* (*2d*) 773.

Defendant then was entitled to go forward with its explanatory evidence to negative the inference of negligence, of want of due care flowing from the applicability of the doctrine of *res ipsa loquitur*. *Galbraith* v. *Smith,* 120 *N. J. L.* 515; 1 *Atl. Rep.* (*2d*) 34. This it did. And at the end of the case, under all the proofs adduced, it still remained for the jury to determine whether the *prima facie* case established by plaintiff was met by the evidence for defendant, the burden of proof, of course, remaining throughout on the plaintiff. See cases collated in the opinion of the Supreme Court in *Cleary* v. *Camden, supra* (at *pp.* 223 and 224); *Cf. Gordon* v. *Weinreb,* 13 *N. J. Mis. R.* 835; 181 *Atl. Rep.* 435.

The trial judge was entirely right in refusing to direct a verdict in favor of defendant.

Judgment is affirmed, with costs.