HERGET, Judge.
Plaintiff, Mrs. Charles S. Pilie, instituted this suit against National Food Stores of Louisiana, Inc., its insurer, American Surety Company of New York and Baton Rouge Coca-Cola Bottling Company, Ltd. for alleged damages sustained by her received when a Coca-Cola bottle upon striking the floor, shattered, causing a laceration of her right foot and an injury to the fourth digital nerve of the right foot. Her husband, Charles S. Pilie, seeks recovery of medical expenses incurred as a result of the injury.
National Food Stores of Louisiana, Inc., hereinafter referred to as “National” and American Surety Company of New York, the insurer of National, hereinafter referred to as “American Surety” answered the suit denying liability and by way of third party petition seek recovery from Baton Rouge Coca-Cola Bottling Company, hereinafter referred to as “Coca-Cola Company”, for any judgment rendered against them resulting from the accident. The Coca-Cola Company answered both the main demand and the third-party petition and denied, as did National, any negligence on its part, alternatively pled contributory negligence on the part of Plaintiff and denied the applicability of the doctrine of res ipsa loquitur to the facts of the case.
*393 Following the trial, the Lower Court rendered judgment in favor of Plaintiffs and against National and its insurer, American Surety; rejected the demands of Plaintiffs against the Coca-Cola Company and dismissed Plaintiffs’ and third party Plaintiffs’ suit against it. The matter is before this Court on a devolutive appeal taken by Plaintiffs from the dismissal of their action against the Coca-Cola Company and on the suspensive appeal of National and American Surety from the judgment rendered against them.
Plaintiffs allege in paragraph' 5 of their petition:
“That as your petitioner, Mrs. Charles S. Pilie, was walking down an aisle in said store, she passed by a stack of Coca Cola cartons which had been arranged for display in said store and as she drew abreast of the same, the said stack of Coca Cola cartons suddenly and without any warning collapsed.”
And in paragraph 9:
“That the sole and only proximate cause of said accident and the sole and only proximate cause of the injuries and damages sustained by each of your petitioners as a result thereof was the gross joint and concurrent negligence of employees of National Food Stores of Louisiana, Inc. and Baton Rouge Coca Cola Bottling Company, Limited, in stacking said cartons of Coca Cola in a negligent fashion so that the same were not stable but were precariously balanced and tottering so that the same fell and broke as herein before alleged.”
Denial of these allegations was made by all Defendants.
The evidence introduced on the trial of the case does not substantiate the allegation of paragraph 5 in that there was no collapse of the whole stack of Coca-Cola cartons but that, at best, one or two cartons — of six bottles each — fell from the stack and one or more of the bottles broke, causing the injuries and damages: for which Plaintiffs seek recovery. The accident occurred on March 11, 1960 at about 5:15 p. m. while Mrs. Pilie was passing the Coca-Cola display which had been arranged by employees of the Coca-Cola Company in the National where she was shopping and while pushing a basket mounted on a wheel cart supplied by the store to its customers for the purpose of convenience in carrying articles of merchandise selected. Mrs. Pilie related she had gone to the store for the purpose of purchasing three items, none of which was Coca-Cola, and at the time the accident occurred she was passing the Coca-Cola display en route to the bread counter to pick up some bread; as she was passing said display “ * * * and just all of a sudden, the bottles fell and the first thing I knew, my foot was bleeding real bad, * * ; that at closest proximity she was some eighteen inches from the display and did not touch it either with her body or with the cart she was pushing; that she did not know how many bottles broke, and when queried by her counsel as to her knowledge of what caused the bottles to fall, replied: “No, sir, I can only try to guess or speculate. I don’t know what caused them to fall.”
According to the testimony of Mr. Ross, an employee of the Coca-Cola Company, the Coca-Cola display in the National was arranged by placing the bottom tier of cartons in what is called a gondola, which is a wooden frame, and stacking thereon six tiers of Coca-Cola cartons, making seven in all, separated and supported by a plastic material known as “mylar” which was especially designed for stabilizing the display of bottled drinks and, in addition, automatically rolled back against the wood backboard where one of its edges was nailed. Thus, when an entire row of cartons was removed, the cartons on the tier immediately beneath were invitingly displayed to prospective purchasers. The cubicle is 10 cartons wide by 4 cartons in depth. Sometimes extra cartons are placed on top of the seventh tier but never *394 partly filled cartons or individual bottles. Ross, on the morning of March 10, 1960, one day prior to the occurrence of this unfortunate accident so arranged the display. It was his testimony that when the display was so completed by him same was stable and would not fall; that it would not have collapsed nor would any cartons have dropped therefrom except upon being tampered with. Mr. Bock, the General Manager of the Coca-Cola Company, testified that safety measure tests were made in their plant when it was concluded to use the mylar for support and stability rather than cardboard or inserts which had previously been used, and in response to the question: “Well, in the making of those tests, did you or not reach any conclusion as to whether or not stacks of Coca-Cola made by the use of mylar rolls would or would not be stable?”, answered: “It proved that they would be stable. That’s why we used it.” Accordingly, from the testimony of these two witnesses' — and there is no proof to the contrary — when the display was arranged by the employee of the Coca-Cola Company same was safe and stable and there was no potential danger from the falling of the cartons except from outside force.
On the trial of the case there was offered a photograph by counsel for Plaintiffs, made on February 23, 1961 some eleven months subsequent to the date of this accident, which offering was limited to showing the general layout of the store and not for the purpose of showing just how the cartons of Coca-Cola were stacked on the date of the accident. On examination of the witnesses of the Coca-Cola Company, counsel for Plaintiff using the pictures in this examination made observation that portions of the mylar shown in between certain tiers of the display pictorially represented did not extend to the edges of the display and sought to show on the date of March 10, 1960 'the display was likewise arranged and inasmuch as the perimeter of the tiers was not covered by mylar the display was not stable and cartons could fall from the stacked tier. At the time this accident occurred, though Mrs. Pilie stated the display was stacked about “shoulder high”, the evidence reveals subsequent to the display stacking by the employee of the Coca-Cola Company on March 10 many cartons had been removed therefrom by customers and there is no evidence which affirmatively shows on the date of this accident there were any cartons of Coca-Colas in an unsupported position or the height of the cubicle. However, a witness for the Coca-Cola Company, the route.man, testified that on the Monday morning following the Friday afternoon on which date Plaintiff was injured he replenished the display using 49 cases, each case holding 24 bottles or four cartons, which is indicative that at the time this accident occurred the elevation of the display had been considerably reduced. Both of the witnesses for the Coca-Cola Company related this was the only incident— though similar displays were used in numerous places — of any such accident occurring as is herein sued on.
On appeal, Plaintiffs do not seek to invoke the doctrine of res ipsa loquitur against the Coca-Cola Company but maintain the company was negligent in erecting an unstable display. Inasmuch as in our opinion Plaintiff has failed to prove the injuries sustained by her resulted from any negligent act on the part of the Coca-Cola Company, the rejection of Plaintiffs’ and third party Plaintiffs’ actions against the Coca-Cola Company by the Trial Court was proper.
We come next to the liability of National and American. As to these Defendants the Trial Court applied the doctrine of res ipsa loquitur and, accordingly, awarded judgment in favor of Plaintiffs and against them.
The liability, if any, which Defendants have to Plaintiffs attributable to this accident is provided in LSA-C.C. Article 2316 as follows:
“Every person is responsible for the damage he occasions not merely by his *395 act, but by his negligence, his imprudence, or his want of skill.”
Thus, to affirm the judgment of the Trial Court awarding damages to Plaintiffs we must, of fact, find Defendants guilty of negligence causing the damages. In disposing of the claims asserted by Plaintiffs against the Coca-Cola Company we concluded the display arranged by the Coca-Cola Company in Defendant’s store was safe and, accordingly, we are of the opinion the display had no potential hazards which the storekeeper was called upon to guard against. It is true, as suggested by counsel for both Plaintiffs and Defendants, the falling of the cartons of Coca-Cola could have resulted from improper replacement on the display by customers changing their minds and returning unwanted Coca-Colas in such a manner that even the slightest outside force might activate the falling of the carton. Here, however, as pointed out supra, in the testimony of Plaintiff she was unable to affirmatively state any factual circumstance which would have caused the falling of the carton from the stack and, accordingly, relies on the doctrine of res ipsa loquitur which, when invoked, is sufficient in the absence of any evidence on the part of Defendant exculpating it from negligence to justify the Court’s conclusion of liability on the part of said Defendant. There was no testimony offered to show (1) that in truth and in fact at the time of the occurrence of this accident the display was in any disarray whatsoever; (2) there is no basis for assuming that such was the case; however, in the event such were the case, in order to hold the storekeeper responsible for any negligence attaching to his failure to remedy such condition, it would be essential that evidence be offered that such condition was known or should have been known to the storekeeper and he had had a reasonable time in which to correct same and failed to do so.
What has often been referred to as the leading case in Louisiana on the doctrine of res ipsa loquitur is Lykiardo-poulo v. New Orleans & C. R. Light & Power Co., 127 La. 309, 53 So. 575. We quote therefrom the particular portion we believe to express the doctrine, 53 So. p. 576, as. follows :
“ * * * In cases where the plaintiff cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and where the accident is of the kind which ordinarily do not occur when due care has been exercised, the rule of evidence is that the accident speaks for itself— res ipsa loquitur — that is to say, that a presumption of negligence arises from the fact itself of the accident. In such cases, the plaintiff not only need not allege the particular acts of omission or commission from which the accident has resulted, but need not even prove them. The accident itself makes out a prima facie case, and the burden is on defendant to show absence of negligence. Res ipsa loquitur. * * * ”
In the case of Joynes v Valloft & Dreaux, La.App., 1 So.2d 108, where an empty coke bottle fell from the counter of the dispensing stand located in the lobby of the building, struck the floor and shattering fragments from the broken bottle cut the plaintiff’s foot, who, at that time, was engaged in exchanging a candy bar and wherein plaintiff alleged she did not know what had caused the bottle to fall. The Court of Appeal, Orleans, reviewed in detail the doctrine of res ipsa loquitur and, at page 111, cited with1 approval the case of Dunaway v. Maroun et al., La.App., 178 So. 710, 712, and quoted an excerpt from the Dunaway case taken from Blashfield’s Cyclopedia of Automobile Law & Practice, Permanent Edition, Vol. 9, §§ 6043, 6048, 6046, verbo “Res Ipsa Loquitur”, as follows :
“ ‘The rule will not be applied where the evidence discloses that the injury might have occurred by leason of the *396 concurrent negligence of two or more persons or causes, one of which was not under the management and control of the defendant. * * *
In addition, the Court concluded the doctrine of res ipsa loquitur was not applicable where a bottle falls from a counter in full view of the patron as, in such condition and under such circumstances, the patron was in just as an advantageous position to know why the bottle fell as was the owner of the concession. Here, this display shown to have been in a safe condition originally, not shown by Plaintiff to have been in disarray, not shown to have cartons placed thereon in a negligent manner within the Defendant’s knowledge, Plaintiff was thereby in as good a position as Defendant to show the reason the carton fell and to recover she would have to affirmatively show acts of negligence on the part of Defendant.
Learned counsel for Plaintiffs strenuously argued the case of Crawford v. American Stores Company, 5 N.J.Misc. 413, 136 A. 715, 716, cited with approval in the Joynes case, where the plaintiff therein while standing in front of a counter was injured resulting from the falling of cans of pickles and where therein the Court applied tire doctrine of res ipsa loquitur requiring defendant to rebut the presumption of negligence created by the application of such rule is particularly applicable to the factual situation existing here. However, in the Joynes case the Court further observed in distinguishing the factual situation in the Crawford case from the one then before it, noted that in the Crawford case “ * * * the cans had been placed in that dangerous position by defendant’s employees and, in the absence of proof, it was obviously proper to assume that the accident had resulted from the careless creation of such a trap as a high pile of cans. * * * ” Thus, the method of stacking the cans to the height and in the manner used was concluded to be negligence. (Emphasis supplied). We further observe upon examination of the per curiam opinion rendered in the Crawford case supra, the Supreme Court of New Jersey said:
“The motion for a nonsuit was based on the contention that there was no evidence to establish the defendant’s negligence. Against this it is contended that the rule of res ipsa loquitur applies, and we incline to think that it does. It is difficult to see a distinction in principle between a pile of cans falling over from a counter and a brick falling from the scaffold of a building. Sheridan v. Foley, 58 N.J.Law, 230, 33 A. 484. Both being under the control of the defendant, placed there by it, the fact of a fall might justify a finding of neglect in properly securing it. In the instant case it appeared in addition from the defendant’s proofs that the other side of the pile of cans was buttressed by a wooden cake box extending half way to the total height of the pyramid. The fact that such support zvas placed upon one side suggests that the same precaution should have been taken on the other. * * * ” (Emphasis supplied)
Accordingly, from the quoted portion of the decision we are of the opinion the New Jersey Court in the Crawford case gave only “lip service” to the rule of res ipsa loquitur. It is apparent from the remainder of the opinion the Court actually based its conclusions on affirmatively finding the cans had been negligently stacked on the counter by defendant, from which it was warranted in holding defendant liable. However, assuming the Court did in fact rest its decision on the application of the rule of res ipsa loquitur, its observation that it could see no distinction in principle in applying said rule in a factual situation involving the falling of a pile of cans from a counter and a brick falling from the scaffold of a building, such distinction has been positively made jurisprudentially in Louisiana.
In the case of Lonatro v. Palace Theatre Company, 5 La.App. 386, the Trial Court maintained an exception of no cause *397 of action to plaintiffs petition alleging injuries sustained when she was struck upon the head by an empty pop bottle falling from the ledge of the balcony above in the movie theatre. On appeal, the Court of Appeal for the Parish of Orleans reversed the judgment of the Trial Court and remanded the case for trial, holding that because of'the circumstances of the happening of the accident and under the conditions existing in the theatre, the rule of res ipsa loquitur was applicable; the defendant theatre owner was in a far better position to explain the cause of the accident and because of the accident there arose a presumption of negligence which, unless disproved by defendant, would entitle plaintiff to recover. Whereas, the Court, in the Joynes case supra, refused to apply the doctrine of res ipsa loquitur where the bottle fell from the counter in the lobby of the building. In an erudite and exhaustive discussion often cited by the courts, Professor Wex S. Malone in Vol. IV La.Law Review, page 70, in an Article entitled “Res Ipsa Loquitur and Proof by Inference — A Discussion of the Louisiana Cases” approved the distinction made in these two cases in the application of the rule of res ipsa loqui-tur by the courts with good reasoning (1) in the Lonatro case supra, the bottle falling from the balcony, (and we interpose, the hypothesis as put in the Crawford case supra of the brick falling from the scaffold of the building) such occurrences would not be causes which would be within the knowledge or anticipation of the injured party, but the causation of such accidents would be peculiarly within the knowledge of defendants; whereas, (2) in the Joynes case supra, the instance of the falling bottle from the counter in the concession, the injured party would be in an equal, if not.a superior, position with the defendant to show causation for the happening of the accident and therefore to recover such complainant must affirmatively prove negligence on the part of defendant.
In the case of Monroe v. H. G. Hill Stores, La.App. 51 So.2d 645, the Court of Appeal, Orleans, concluded the doctrine of res ipsa loquitur was not applicable to a factual situation where Plaintiff’s allegations, quoting therefrom, revealed that while shopping in the H. G. Hill store a “ ‘ * * * bottle of beer with other bottles of beer were stored on a shelf underneath the shelf containing the pots and pans above referred to, exploded.’ ”, causing the injuries sued upon. The Court held where no affirmative proof was offered as to any negligence on the part of H. G. Hill Stores, the bottles were stored in full view of the customers, the customer would have just as much knowledge as to the cause of the fall of the bottle, if in fact it did fall, as would the storekeeper. Further, it questioned the applicability of the doctrine to a case wherein the accident might have occurred as a result of the actions of more than one defendant and the instrumentality which caused the damage is not exclusively under the control of one. As to the Falstaff Brewing Corporation, the manufacturer of the beer, the Court concluded the doctrine was not applicable in the absence of the plaintiff eliminating the possibility the exploding of the bottle could have been the result of some other cause besides internal force. See also Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389 wherein Chief Justice Four-net of the Supreme Court of Louisiana thoroughly reviewed the doctrine of res ipsa loquitur. Also, Morales v. Employers’ Liability Assur. Corporation, 202 La. 755, 12 So.2d 804. Counsel for Plaintiff maintains the rule of res ipsa loquitur announced in the above cited cases is peculiarly applicable to accidents involving automobiles. The rule, however, and the principle of the application of the doctrine of res ipsa loquitur is the same under any circumstance whether there be involved automobiles and the negligence of the drivers thereof or any other person whose responsibility for the injuries complained of by plaintiff is delineated in LSA-C.C. Article 2316, supra.
*398 In conclusion, we are of the opinion the storekeeper is not the insurer of his patrons and his liability for injuries sustained by patrons attaches only upon affirmative proof of negligent acts on his part. In the display of his merchandise he is required only to use ordinary care and upon such showing, affirmative proof by Plaintiff of negligence on his part is essential to hold him liable for damages sustained by Plaintiff. The doctrine of res ipsa loquitur is inapplicable.
Accordingly, the judgment of the Trial Court rejecting the demands of Plaintiffs and Third Party Plaintiffs against Baton Rouge Coca-Cola Bottling Company is affirmed; and the judgment in favor of Plaintiffs and against National Food Stores of Louisiana, Incorporated and American Surety Company of New York is reversed.
Affirmed in part and reversed in part.