FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant,

v.

John FUNEL et al., Appellees.

No. 23285.

United States Court of Appeals Fifth Circuit.

Sept. 26, 1967.

Rehearing Denied Nov. 28, 1967.

La Clair v. United States, 7 Cir. 1967, 374 F.2d 486, 488, 489.

Oliver P. Stockwell, Robert W. Clements, William E. Shaddock, Lake Charles, La., for appellant, Stockwell, St. Dizier, Sievert & Viccellio, Lake Charles, La., of counsel.

Frank M. Brame, Lake Charles, La., Joseph W. Nelkin, New Orleans, La., for appellees, Cavanaugh, Brame, Holt & Woodley, Lake Charles, La., of counsel.

Before JONES, WISDOM and GOLDBERG, Circuit Judges.

WISDOM, Circuit Judge:

The diversity case, arising under the Louisiana Direct Action Statute,[1] concerns an industrial accident which occurred in Cameron, Louisiana, in 1961. The jury returned a verdict in favor of the plaintiff, John Funel, in the amount of $75,900.[2] The insurance company appeals, urging among other grounds that the trial court should have upheld its plea of prescription and that the court erred in admitting certain hearsay evidence. These contentions present nice questions of law, but we do not reach them. We reverse because there was no evidence of the defendant's negligence.

The trial below was not an ordinary one. On the question of liability there were only three witnesses—Funel, Fred Duhon, an employee of the plant where the accident occurred, and an insurance adjuster. Funel was the only witness to testify that the accident occurred. Duhon testified that Funel offered him a bribe to tell anyone who should inquire that an accident had in fact taken place. In rebuttal, the insurance adjuster testified that in a routine interview after the alleged bribe attempt Duhon did not mention the incident.

The accident occurred in the course of the construction of an ice plant. Funel, a sales engineer for the Equitable Equipment Company, had sold the refrigeration and other necessary machinery to the Steed Ice Company, the owner of the plant. The defendant's insured, Acme Refrigeration Company, had the contract to install the machinery while another outside contractor had the contract to construct the building to house it. Funel worked with the owner and the contractors as a general troubleshooter.

The accident occurred as the project neared completion. According to Funel's testimony, one of Acme's employees, Lionel Moore, asked him to come into the ice bin to take a look at a problem.

1. LSA–R.S. § 22:655.

2. The verdict was later reduced to $50,000, the limit of the insured's policy with the Fidelity and Casualty Company of New York.

The only way to enter the bin was to crawl over some machinery, turn around, and climb down onto a board which had been placed longitudinally between two parallel ice-moving corkscrews. Funel had entered the bin innumerable times by this method, and had always found the board sturdy. This time, however, the board twisted and Funel fell, striking his knee on one of the corkscrews.

Funel testified that the screws had been in place for four to six weeks and that the board had simply been placed atop them. Because of the frequent passage of workmen over the board, it had become wedged between the screws, so that it was quite steady. This was its condition the night before the accident.

The morning of the accident someone removed the board in order to work on the screws. That person or someone else then replaced it in its original position. The only evidence concerning the replacement of the board was Funel's testimony that after the accident, Moore told him that he (Moore) had put the board back.[3] There was no other testimony as to Acme's negligence.

At the close of the plaintiff's evidence and again after all the evidence had been presented, the defendant moved for a directed verdict on the ground that Funel had failed to prove negligence on the part of Acme. The defendant renewed this objection in its motion for a judgment notwithstanding the verdict. The district court denied all three motions.

■ We have examined the record thoroughly. Viewing the evidence in the light most favorable to the jury's verdict, Funel proved only two things. First, at some time during the morning of the accident, an Acme employee replaced the board after it had been removed. Second, an accident occurred when Funel stepped on the board. The evidence fell far short of proving that Acme was negligent. There was no proof of the manner in which Moore replaced the board. There was no proof when he did so or that no one had moved it subsequently. Cf. Terrill v. ICT Ins. Co., La.Ct.App. 1 Cir. 1957, 93 So.2d 292. There was no proof that Moore knew or should have known that the board was unstable. In fact Funel testified (1) that other workmen were in the bin, apparently having used the board without incident, and (2) that the board looked all right to him.

---

**3.** It was to this testimony that the defendant objected on the ground it was hearsay. The district court held that Moore's statement did not fall within the res gestae exception to the hearsay rule, but that it was a vicarious admission against Acme's interest, and could come in under that exception.

The defendant contends here that Louisiana law governs the admissibility of this evidence, because the question is really one of agency rather than of evidence. We disagree. This Court has taken the position that Federal Rules of Civil Procedure 43(a) governs the admissibility of evidence in federal courts, and that the Rule should be interpreted to favor the admissibility of the evidence. Monarch Ins. Co. of Ohio v. Spach, 5 Cir. 1960, 281 F.2d 401; Dallas County v. Commercial Union Assurance Co., 5 Cir. 1961, 286 F.2d 388; Hambrice v. F. W. Woolworth Co., 5 Cir. 1961, 290 F.2d 557. The Supreme Court's decision in Hanna v. Plumer, 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8, supports our conclusion that federal law rather than state law should govern. See also the excellent discussion in Comment, Federal Rule 43(a): The Scope of Admissibility of Evidence and the Implications of the *Erie* Doctrine, 62 Colum.L.Rev. 1049 (1962).

We note, without deciding, that there is a strong argument that Moore's declaration was not hearsay at all. Moore was present during the entire trial and was therefore available for cross examination. Because the exclusion of hearsay is in large part based on the lack of an opportunity to cross examine, there is little reason to classify as hearsay an extrajudicial declaration made by one who is physically present and available for cross examination during the trial. See American Law Institute, Model Code of Evidence, Rule 503(b) (1942); Maguire, The Hearsay System: Around and Through the Thicket, 14 Vand.L.Rev. 741, 767–68 (1961).

While the plaintiff had the same opportunity to call Moore as did the defendant, the problem seems to be one of the assigning the burden. Rule 43(a)'s presumption in favor of admissibility casts the burden of calling the declarant upon the party making the hearsay objection.

In this diversity case we are, of course, bound to follow Louisiana negligence law. Although the law is governed by Articles 2315 [4] and 2316 [5] of the Civil Code, the requirements for proving negligence are basically the same as in a common law jurisdiction. The plaintiff has the burden of proof. He must prove fault. Brown v. Liberty Mutual Ins. Co., 1958, 234 La. 860, 101 So.2d 696. He must prove that his injury resulted proximately from the defendant's fault. See, e.g., New Orleans & N. E. R. R. Co. v. McEwen & Murray, 1897, 49 La.Ann. 1184, 22 So. 675, 38 L.R.A. 134. Negligence is not presumed from the mere happening of an accident. See Morales v. Employers' Mutual Liability Assurance Corp., 1943, 202 La. 755, 12 So.2d 804; Day v. National U. S. Radiator Co., 1961, 241 La. 288, 128 So.2d 660. "It is the duty of the plaintiff to prove negligence affirmatively * * *." Morales v. Employers' Mutual Liability Assurance Corp., supra, 12 So. 2d at 808.

The evidence here can support neither a direct finding of negligence nor the application of the doctrine of res ipsa loquitur. Funel offered no evidence to show that Moore or any other Acme employee failed to use due care in replacing the board. He proved only that Moore replaced the board. Funel offered no evidence to show that the manner in which Moore replaced the board caused the accident. He proved only that the accident occurred subsequent to Moore's replacing the board. Funel offered no evidence that some intervening force had not caused the board to become unstable. In short, Funel offered no evidence whatsoever to show the breach of a duty or proximate cause.

Similarly, there was insufficient proof to call into play the res ipsa loquitur doctrine. There was no evidence to show that Acme had exclusive control of the board or of the premises, or that this was the sort of accident which does not occur in the absence of negligence. Res ipsa applies when the proof allows "no room for a different presumption * *." Morales v. Employers' Mutual Liability Assurance Corp., supra, 12 So.2d at 808. "The rule will not be applied where the evidence discloses that the injury might have occurred by reason of the concurrent negligence of two or more persons or causes, one of which was not under the management and control of the defendant." Pilie v. National Food Stores of Louisiana, Inc., 1963, 245 La. 276, 158 So.2d 162, 164.

Here any number of factors independent of Acme's control might have caused the accident. Employees of the plant owner or of the building contractor may have tampered with the board after Moore replaced it. Something may have fallen on it. Or Funel may simply have stepped on it in an unusual way.[6] The plaintiff apparently recognized the weakness of this argument, for although he pitched his case in terms of res ipsa, he did not explicitly invoke the doctrine. The court did not charge the jury on it.

Funel seems to have relied below on the theory that the owner or occupier of property has the duty to warn invitees of unsafe conditions which are not readily apparent. We do not reach the question whether Louisiana would apply that

---

4. Art. 2315. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it;

5. Art. 2316. Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.

6. This case is analytically similar to one branch of the *Pilie* case, supra. There the plaintiff proved that employees of the Coca-Cola company had stacked a display in a supermarket and that the following day several cartons of bottles fell from the display injuring her. The Court of Appeal held that because there was no proof that the Coca-Cola employees had acted negligently and because so many other factors could have led to the display's instability, the defendant was entitled to a directed verdict. La.Ct.App. 1 Cir. 1962, 148 So.2d 391, aff'd, 1963, 245 La. 276, 158 So.2d 162.

principle to a construction site where, of course, unsafe conditions abound. The defendant's insured was not an owner or occupier of property. Acme was merely a contractor, working with other contractors, on premises owned and occupied by another. Furthermore, there was no evidence whatsoever that Acme or any of its employees knew or should have known that the board was unsafe.

We hold that reasonable men could not conclude from the evidence in this record that Acme had been negligent. The district judge should have granted the defendant's motions for a directed verdict. We therefore reverse the judgment of the district court and render judgment in favor of the defendant.