**JOHNSON CHEMICAL CO., Inc., et al.,**
Plaintiffs, Appellants,

v.

**CONDADO CENTER, INC., et al.,**
Defendants, Appellees.

No. 71–1237.

United States Court of Appeals,
First Circuit.

Heard Nov. 19, 1971.

Decided Jan. 13, 1972.

Orlando J. Antonsanti, San Juan, P. R., with whom Hartzell, Fernandez, Novas & Ydrach, Ernesto Gonzales Pinero, and Guillermo Cintron Ayuso, San Juan, P. R., were on brief, for appellants.

Ernesto A. Melendez Perez, San Juan, P. R., with whom Luis Blanco Lugo, Gonzales Jr., Gonzalez Oliver, Blanco Lugo & Moran, San Juan, P. R., were on brief, for appellees.

Before COFFIN, Circuit Judge, VAN OOSTERHOUT *, Senior Circuit Judge, and STEPHENSON *, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This is a timely appeal from a dismissal, without prejudice, of a class action originally brought by seven nonresidents of the Commonwealth of Puerto Rico seeking redress by way of damages for themselves and a class consisting of co-owners of the common property of Condado Del Mar Condominium. The class consists of approximately 400 plaintiffs. Diversity jurisdiction is conferred by 28 U.S.C. § 1332.

The complaint was filed on June 2, 1970. On August 11, 1970, defendants moved pursuant to Rule 69.5 of the Rules of Civil Procedure of Puerto Rico for an order requiring plaintiffs to post security for costs, expenses, and attorney's fees. Rule 69.5 provides:

"When the plaintiff resides outside of Puerto Rico or is a foreign corporation, a bond shall be required to secure the costs, expenses, and attorney's fees which may be awarded. All proceedings in the action shall be

* Of the Eighth Circuit, sitting by designation.

stayed until bond is given, which shall not be less than three hundred dollars. The court may require an additional bond upon a showing that the original bond is not sufficient security, and stay the proceedings in the action until such additional bond is given.

"After the lapse of 90 days from the service of the order requiring bond or additional bond, without the bond having been given, the court shall dismiss the action."

Judge Ryan, sitting by designation, granted the motion and set a bond in the amount of $1,500.00 on August 24, 1970. A bond in that amount was promptly posted on August 28, 1970. On August 26, 1970, defendants requested enlargement of the bond and Chief Judge Cancio granted the request. By order entered October 5, 1970, the bond was increased to $25,000.00. Plaintiffs failed to post the additional bond within the time period provided by the Puerto Rican rule which expired on January 4, 1971. On January 11, 1971, defendants filed a motion to dismiss.

On January 15, 1971, plaintiffs filed a motion in opposition to a dismissal documenting the difficulty of communication with all plaintiffs and their efforts to obtain a bond in the higher amount. Plaintiffs further prayed for a reduction in the amount of the required bond. By order of February 1, 1971, Chief Judge Cancio rescinded the order setting the bond at $25,000.00 and reset the bond at $3,000.00. Such bond was posted on February 8, 1971. The court recognized that 53 resident plaintiffs had moved to intervene and admitted that the $25,000.00 bond was excessive and inequitable in light of all the circumstances. Defendants filed an appeal which was voluntarily dismissed when the District Court decided to reconsider the February 1 order. Upon reconsideration Chief Judge Cancio ruled that he was bound by the Puerto Rican rule and had no discretion to reconsider the amount of the bond upon the expiration of the 90 day period. He further ruled

that the Puerto Rican rule required dismissal for failure to post bond within the ninety day period. Plaintiffs appeal the order of dismissal.

On the basis of Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (hereinafter Hanna), we find that the District Court was not bound by the mandatory dismissal provision of Rule 69.5 of the Rules of Civil Procedure of Puerto Rico and may, therefore, exercise discretion according to the Federal Rules of Civil Procedure. We do not reach the issue concerning the interpretation of the Puerto Rican rule. We assume for the purpose of this appeal, without so deciding, that the rule requires a Commonwealth court to dismiss the action if the bond is not filed within 90 days after service of order requiring its filing.

The problem concerning the relationship of state and federal law in actions based on diversity of citizenship is of long standing and one of the most difficult of all legal questions. From the time of Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865, in 1842, the courts have been trying to define those areas in which federal law will reign over state law in federal court. In 1938 the Supreme Court established that federal courts are to apply the substantive law of the forum state in diversity actions. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (Erie). That pronouncement and the difficulty in applying it led to further enunciation of the doctrine by the Court in the 1945 case of Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (Guaranty). The issue in that case was whether a state statute of limitations which would have barred the suit in state court, operated as a bar to the suit in federal court. The controversy centered upon whether a state statute of limitations is a matter of procedure and therefore not controlling in a federal court according to the substance-procedure dichotomy elucidated in Erie. The Court reasoned that more

than a substance-procedure was involved and held that:

> " * * * [S]ince a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of the state right as given by the State." 326 U. S. 99, 108–109, 65 S.Ct. 1464, 1469–1470.

The import of Erie according to the Court in Guaranty was:

> " * * * [T]hat for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result." 326 U.S. 99, 109, 65 S.Ct. 1464, 1470.

This "outcome determinative" test proved difficult for courts to administer for almost every rule of procedure can have a substantial effect on the outcome of a case. The Supreme Court appeared to have retreated somewhat from the "outcome determinative" test in the 1958 case of Byrd v. Blue Ridge Rural Electric Coop. Inc., 356 U.S. 525, 78 S. Ct. 893, 2 L.Ed.2d 953 (Byrd). As a defense in a negligence action the defendant argued that plaintiff was its employee for purposes of the South Carolina Workmen's Compensation Act and subject to the exclusive remedy provided by the Act. South Carolina law determined that the defense was to be ruled on by the judge rather than the jury. In the face of that rule, the Supreme Court held that in federal court the jury must pass on the defense. The Court recognized "a strong federal policy against allowing state rules to disrupt the judge-jury relationship in the federal courts." 356 U.S. 525, 538, 78 S.Ct. 893, 901. Thus a balancing of the policies behind the federal and state laws in conflict was added to the determination of which law to apply.

The most recent Supreme Court pronouncement bearing on the instant controversy is found in Hanna, supra. The issue in Hanna was whether substituted service on an executor at his place of abode according to Rule 4(d) (1) Fed. R.Civ.P. is sufficient where a state statute demands in hand service within a specified time to commence a suit in federal court. In holding that the federal rule prevailed, the Court relied on Byrd to reason that the "outcome determinative" test was never meant to serve as a "talisman" to apply the Erie doctrine. 380. U.S. 460, 466–467, 85 S.Ct. 1136. The choice between state and federal law is to be made by reference to the policies underlying the Erie rule. The Court found the policies underlying Erie to be "discouragement of forum-shopping and avoidance of inequitable administration of the laws." 380 U.S. 460, 468, 85 S.Ct. 1136, 1142. The Court went on to say that Erie is not a proper test when the question is governed by one of the federal rules of civil procedure. So long as the rule is not counter to the Rules Enabling Act or the Constitution, it is to be applied regardless of the outcome under a contrary state rule of law. 380 U.S. 460, 469–474, 85 S.Ct. 1136.

A review of the cases following Hanna in the Courts of Appeals shows that the Hanna doctrine has been widely applied. See e. g., Sylvestri v. Warner & Swasey Co., 398 F.2d 598 (2 Cir.) (commencement of action governed by Federal Rules); Szantay v. Beech Aircraft Corp., 349 F.2d 60, 66 (4 Cir.) (federal policy favoring convenient forums outweighs state doorclosing statute); Atkins v. Schmutz Mfg. Co., 435 F.2d 527 (4 Cir.) (tolling effect of pendency of identical suit in another federal court determined by federal law); Wratchford v. S. J. Groves & Sons Co., 405 F.2d 1061 (4 Cir.) (sufficiency of evidence to go to jury determined by federal law); Har-Pen Truck Lines, Inc. v. Mills, 378 F.2d 705 (5 Cir.) (joinder of claims governed by federal rules); Fidelity &

Casualty Co. of N. Y. v. Funel, 383 F.2d 42 (5 Cir.) (Federal Rule 43(a) governs admissibility of evidence); Eyerly Aircraft Co. v. Killian, 414 F.2d 591 (5 Cir.) (federal rules of pleading govern in federal court); Ransom v. Brennan, 437 F.2d 513 (5 Cir.) (manner of substitution of executor governed by federal rules); Crowder v. Gordons Transports, Inc., 387 F.2d 413 (8 Cir.) (relation back of amended complaint governed by federal rules).

Federal courts are to apply the bonding requirements of the forum state. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. In this situation, however, the mandatory dismissal for failure to post bond within a ninety day period conflicts with the federal rules governing the exercise of discretion by the court. Rule 60(b), Fed.R.Civ.P., provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. * * * "

The February 1 order was an order relieving a party from what the court felt was a mistake and unjust.

Rule 6(b), Fed.R.Civ.P., in pertinent part reads:

"When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. * * * "

Rule 1, Fed.R.Civ.P., provides:

"These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admirality, with the exceptions stated in Rule 81. *They shall be construed to secure the just, speedy, and inexpensive determination of every action.*" (Emphasis ours).

These rules read singularly or together evidence a strong federal policy of liberal treatment of parties in correcting unjust orders. The court is given wide discretion in the granting of such relief.

Superimposition of the Puerto Rican rule would hamper the federal policy without serving the underlying policy of local bonding requirements. Local bonding requirements serve the purpose of insuring that the defendant will be reimbursed for expenses if the plaintiff does not make good on his claims. *Cohen v. Beneficial Indus. Loan Corp., supra,* at 556. By setting a bond that purpose is protected. The enforcement of the bond requirement according to federal procedural law serves both the strong federal policy and the state policy without detracting from the latter.

Exercise of discretion by the court is consistent with the underlying policies of Erie. The exercise does not encourage forum shopping since a plaintiff will have filed suit before any bonding amount would be set. Inequity is minimized by the prudent use of discretion by the court.

There is no claim made, nor do we find any violation of the Rules Enabling Act or the Constitution by the applicable federal rules.

The judgment of dismissal is vacated. The case is remanded for further proceedings consistent with the views here expressed.