# In the United States Court of Federal Claims

No. 15-1307C
(Filed August 28, 2018)
NOT FOR PUBLICATION

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
                                            *
CELLCAST TECHNOLOGIES,        *
LLC and ENVISIONIT, LLC,      *
                              *
             Plaintiffs,      *
                              *
      v.                      *
                              *
THE UNITED STATES,            *
                              *
             Defendant,       *
                              *
      and                     *
                              *
INTERNATIONAL BUSINESS        *
MACHINES CORP.,               *
                              *
      Third-party defendant.  *
                              *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## ORDER

Pending before the Court are two related motions---one, a motion by the defendants to compel depositions pursuant to Rule 37(a) of the Rules of the United States Court of Federal Claims (RCFC), and the other, an RCFC 45(d)(3) motion by the plaintiffs to quash the subpoenas commanding attendance at those depositions. Defendants' Motion to Compel Depositions, ECF No. 97 (Defs.' Mot.); Plaintiffs' Motion to Quash Subpoenas, ECF No. 106 (Pls.' Mot.). Both motions concern whether the defendants should be permitted to depose two inventors of the patents that are the subject of this case. The government's subpoenas were noticed with one week remaining before the close of discovery, and sought to depose Messrs. Mark Andrew Wood and Douglas Weiser twenty-one and twenty-eight days, respectively, after the discovery cut-off. Ex. A to Pls.' Mot. The plaintiffs argue that the depositions should not be allowed because they were noticed too late in the discovery period to be held during the time permitted for discovery. Pls.' Mot. at 8–

10. For their part, the defendants instead focus on two subpoenas served by International Business Machines Corp. (IBM) in late September of 2017, with deposition dates selected for these two individuals which were more than two weeks before the initial discovery cut-off. Defs.' Mot. at 4–7; Exs. 1 & 3 to Defs.' Mot. (commanding attendance in late November of 2017).

Because of the IBM subpoenas, the plaintiffs' motion is, at best, moot. The Court finds the fact that the parties had been haggling over the timing and location of the two depositions for some eight months to be reason enough not to quash the government's subpoenas for the mere failure to identify deposition dates before the discovery cut-off. Under these circumstances, the government's forms were little more than a formality, as plaintiffs were long aware of the government's desire to depose the two inventors. *See, e.g.*, Ex. 15 to Defs.' Mot. (Dec. 22, 2017 email from government counsel concerning Mr. Weiser). Thus, the plaintiffs' motion is **DENIED**. The question remains, though, whether these depositions should be allowed to occur after the scheduled close of discovery. As plaintiffs correctly note, the motion by the defendants amounts to a request to extend the deadline for discovery one more time. Pls.' Opp'n to Defs.' Mot. at 1.

Such requests when made, as here, before the expiration of the period a party seeks to enlarge, are assessed under a liberal reading of RCFC 6(b), because of their potential to resolve matters more expeditiously through summary judgment. *See Loveladies Harbor, Inc. v. United States*, 15 Cl. Ct. 375, 381 (1988) (citing *Johnson Chem. Co. v. Condado Ctr.*, 453 F.2d 1044, 1047 (1st Cir. 1972)). While the parties dispute at great length who is more at fault for the failure to schedule the depositions within the discovery period, their prolonged disagreement is probably proof enough of the good cause necessary for a deadline extension. The fact discovery cut-off in this case has already been moved twice, to reflect the complexities of document production as well as the imperfect cooperation of counsel. *See* Order (Nov. 1, 2017), ECF No. 79; Order (Feb. 23, 2018), ECF No. 92. While the Court expected the previous extension to be sufficient for the remaining discovery to completed, the Court notes that at least fifteen depositions were held in the last five weeks of the period, *see* Tr. (May 16, 2018) at 30–32, indicating the parties were far from idle.

The defendants contend that the small number of documents retained and produced by these two inventors (none in the case of one) necessitated saving their depositions for last, after information was obtained from other sources. *See* Defs.' Reply at 7–8, ECF No. 112; Tr. (Aug. 17, 2018) at 37, 46–47, 51; *cf. Estate of Rubinstein v. United States*, 94 Fed. Cl. 51, 52–53 (2010) (extending discovery period to allow deposition after document production was complete). Given the number of other depositions that needed to be concluded, the delay in scheduling these two inventor depositions, while regrettable, is understandable. Extending the schedule to allow these last two depositions will not delay proceedings. The claim

construction opinion has not yet been issued, and much time has already been consumed by the parties' extensive motions practice (including nine separate motions from the plaintiffs). Moreover, if successful, the plaintiffs are not financially injured by any delays, as they are entitled to prejudgment interest. *See, e.g.*, *Dynamics Corp. of Am. v. United States*, 766 F.2d 518, 519–20 (Fed. Cir. 1985); *Boeing Co. v. United States*, 86 Fed. Cl. 303, 322 (2009). Even if the costs of the two depositions were increased due to their occurrence after the current deadline---a fact which has not been established---these costs are likely reimbursable in the event the plaintiffs succeed in this lawsuit. *See* 28 U.S.C. § 1498. As the plaintiffs have pointed to no particularized prejudice they will suffer from the depositions going forward, and the defendants have adequately justified the sequence and timing of the schedule, the Court finds good cause and **GRANTS** the defendants' motion. At bottom, there is no reason to treat these depositions differently from the other depositions, sought by both sides, which were allowed despite the parties' inability to hold them before the then-existing deadlines. *See* Order (Feb. 23, 2018), ECF No. 92; Order (May 16, 2018), ECF No. 105.

Accordingly, although the fact discovery cut-off has passed, the defendants shall be allowed to depose Messrs. Wood and Weiser. The Court expects that the deposition of Mr. Weiser will be taken within three weeks of the date of this order, and that of Mr. Wood will be taken, in the United Kingdom, within four weeks of the date of this order. If the schedule of either deponent cannot accommodate these targets, the parties shall first do their utmost to arrange a mutually-agreeable later date for the deposition before bringing this matter back before the Court.

**IT IS SO ORDERED**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge